**Gilbert MESSER et al., Plaintiffs,**

**v.**

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**No. 1814.**

United States District Court.
E. D. Kentucky,
London Division.

June 2, 1970.

Howard Thorkelson, Prestonsburg, Ky., for plaintiffs.

Eugene E. Siler, Jr., U. S. Atty., Moss Noble, James F. Cook, Asst. U. S. Attys., for defendant.

Before COMBS, Circuit Judge, and SWINFORD and MOYNAHAN, District Judges.

## OPINION

PER CURIAM.

This action attacks the constitutionality of Section 225 of the Social Security Act, 42 U.S.C. § 425, and seeks declaratory and injunctive relief therefrom.

The constitutional attack is bottomed upon the plaintiff's claim that the instant statute allows the defendant Secretary to terminate Social Security benefits by "ex parte" action without "affording reasonable and adequate notice and opportunity for a prior hearing on the grounds therefor" in alleged violation of the Fifth Amendment to the Constitution of the United States.

The plaintiff, Gilbert Messer, was awarded disability benefits under the Social Security Act beginning in August, 1968. At the time of the award, he was a patient in Hazelwood Sanitarium at Louisville, Kentucky, suffering from a lung disorder.

When the award was made, he was advised that his claim was scheduled for review in March, 1969, because the evidence in his case indicated his condition might improve. He was further advised he might be required to submit additional evidence or undergo a medical examination, and if he was no longer found to be disabled, his benefits would be terminated. On March 4, 1969, he was interviewed by an employee of the Social Security Administration relative to his physical condition; on March 7, 1969, he was advised by the Kentucky Rehabilitation Agency, a contract agency for the Social Security Administration, that medical information was necessary to evaluate his present condition and was further advised on March 18, 1969, that medical examination had been scheduled for April 7, 1969. Subsequent to said medical examination, the Secretary determined that Messer's condition had improved to the extent that he was no longer eligible for disability benefits as of April, 1969; and that payments would be discontinued after June, 1969. A letter dated May 28, 1969, notifying him of the cessation of benefits advised:

"If you believe that this determination is not correct, you may request that your case be re-examined. If you want this reconsideration, you must request it not later than 6 months from the date of this letter. You may make any such request through the social security office. If additional evidence is available, you should submit it with your request. Please read the enclosed leaflet for a full explanation of your right to question the determination made on your claim."

The plaintiff, Messer, through counsel on June 13, 1969, wrote a letter demanding full reinstatement of benefits and continuance thereof pending a hearing on the issue of his disability.

This action was filed on July 9, 1969, by Messer and his dependent children, seeking an adjudication as hereinbefore set out.

Thereafter he was advised on July 30, 1969, that the records relative to the discontinuance of his claim would be forwarded to the Corbin, Kentucky, Social Security office; that he could have his attorney present at the time of any further interview; that he would be afforded an opportunity to present his case anew and that he would be given assistance in obtaining additional evidence in support of his application.

The plaintiffs and defendants have both moved for summary judgment herein.

The plaintiffs place great reliance upon Kelly v. Wyman, D.C., 294 F.Supp. 893 (Affirmed March 23, 1970, by the Supreme Court under the name Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287), which holds that the procedure followed in New York State relative to cessation of welfare benefits denies due process to those drawing such benefits; however, the Court expressly stated therein:

"Of course, we do not suggest that the same procedures are constitutionally requisite in all forms of social security administration. In the operation of the federally-administered Old-Age, Survivors, and Disability Insurance program, for example, the amicus brief indicates that no hearing prior to termination is available as of right. However, as that brief points out, there are far fewer reasons for termination of OASDI benefits than in the AFDC program, and these reasons are based on more objectively ascertainable facts. In OASDI the circumstantial changes on which termination is based are nearly always reported or confirmed by the recipient himself, and the likelihood of severe hardship resulting from erroneous termination is certainly not as great as in the welfare programs here in issue."

At the time of granting the instant benefits, the plaintiff was advised that his claim thereto was subject to periodic review. He received two months' additional payments after the determination to discontinue same as provided by statute. He was invited to present any additional evidence that he might have, while represented by counsel, and to inspect the medical findings which were adverse to his claim. He did not exhaust his administrative remedies but chose instead to attack the subject statute for constitutional repugnance. Unlike claimed welfare payments, if he had contested the Secretary's action administratively and thereafter any adverse determination by judicial proceedings, he would, if successful, be entitled to retroactive benefits to the date of any unlawful termination thereof. No such retroactivity applies to welfare payments.

The subject statute, 42 U.S.C. § 425, authorizes the Secretary to "suspend" benefits under certain circumstances therein outlined, and we are of the opinion that the procedure followed herein does not offend due process.

We expressly hold that the subject statute is constitutional; that the defendant's motion for summary judgment should be sustained; and a summary judgment will be entered in conformity herewith.