Clifford NORTON, individually and as parent and natural guardian on behalf of Wayne et al., Plaintiffs,

v.

Elliott RICHARDSON, individually, and in his capacity as Secretary of the Department of Health, Education and Welfare, Defendant.

Charles L. BROOKS, Plaintiff,

v.

Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, et al., Defendants.

Civ. A. Nos. 71-C-539, 71-C-560.

United States District Court, E. D. Wisconsin.

Nov. 23, 1971.

Robert D. Repasky and David J. Becker, Milwaukee Legal Services, Milwaukee, Wis., for Clifford Norton and others.

Sandra A. Edhlund, Milwaukee, Wis., for Charles L. Brooks.

David J. Cannon, U. S. Atty., by David B. Bukey, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

OPINION AND ORDER

REYNOLDS, Chief Judge.

These actions involve an attack on the constitutionality of suspending social security benefits without prior notice or hearing. Jurisdiction of this court is sought under Title 28 U.S.C. §§ 1331 and 1361. Motions of the plaintiffs for a three-judge district court and a tempo-

rary restraining order have been briefed and argued by the parties.

The following facts are alleged in the complaints, affidavits, and representations of counsel and were not disputed by the Government. Therefore, for the purpose of these motions only, they are accepted as true.

The plaintiff Brooks was receiving $132 a month in disability insurance under the Social Security Act, Title 42 U.S. C. § 301 et seq., until August of 1971 when without a prior hearing it was determined by the Social Security Administration that Mr. Brooks was no longer disabled and his insurance payments were terminated. He had no other income and was required to go on relief which consists of $50 rent, $25 food allotment, and $10 for personal needs.

The plaintiff Norton was likewise receiving disability insurance prior to August 1971 when his benefits were suspended without prior hearing. He is suing individually and on behalf of his minor children. Since suspension of his disability insurance payments, Mr. Norton has had to go on general relief which is substantially less than his former insurance payments.

Lena Hopkins and her children, the other named plaintiffs in *Norton,* had been receiving social security benefits ever since the death of Joe Hollins who, prior to his death, had lived with Lena Hopkins for more than twelve years and fathered the children. In August 1971 her benefits were reduced from $190.80 to $4.80 without a prior hearing because of the alleged entitlement of one Mrs. Ollie B. Hollins and Gail Hollins. As a result, Lena Hopkins has had to apply for public assistance. While the amount of welfare benefits has not as yet been set, they will be less than the $190.80 a month she received from the Social Security Administration. The named plaintiffs in *Norton* further sue as representatives of a class of social security recipients "who are, may have been, or may be subjected to termination, suspension or reduction of their social security

benefits without adequate notice of the proposed action or reason therefor, and without a prior hearing on disputed issues relating to such action." The plaintiffs in each case request a hearing before their insurance benefits are cast off and they seek relief by way of declaratory judgment, mandamus, and injunction.

The fundamental issue in each of these cases is the constitutional validity of Title 42 U.S.C. § 425:

"If the Secretary, on the basis of information obtained by or submitted to him, believes that an individual entitled to benefits * * * may have ceased to be under a disability, the Secretary may suspend the payment of benefits * * * until it is determined (as provided in section 421 of this title) [providing in part for hearings] whether or not such individual's disability has ceased or until the Secretary believes that such disability has not ceased. * * *"

The plaintiffs maintain that the rationale of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), demands a hearing prior to suspension as opposed to the § 425 provision for a hearing subsequent to suspension. As these cases then represent an attempt to enjoin the enforcement operation and execution of an Act of Congress because of alleged constitutional infirmities, a three-judge district court is required provided the claim of unconstitutionality is not insubstantial. 28 U.S.C. § 2283.

■ Plaintiffs' claim of unconstitutionality is not insubstantial, and they enjoy a reasonably good chance of ultimate success. Goldberg v. Kelly while not exactly on point is close enough to be most persuading. Note also Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed. 2d 113 (1971), and Sniadach v. Family Finance, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Two three-judge district courts have found the question

presently before me to be substantial enough to require their consideration. Wright v. Finch, 321 F.Supp. 383 (D.D. C. 1970), probable jurisdiction noted by the U. S. Supreme Court October 12, 1971, 404 U.S. ——, 92 S.Ct. 51, 30 L.Ed. 2d 47; Messer v. Finch, 314 F.Supp. 511 (E.D. Ky. 1970), vacated and remanded for dismissal as moot 400 U.S. 987, 91 S.Ct. 455, 27 L.Ed.2d 435 (1971). In *Wright,* § 425 was held unconstitutional.

Plaintiffs also request a temporary restraining order pursuant to Title 28 U.S.C. § 2284 for both the individuals and the class. As to the individuals, such order should issue. Each of the named plaintiffs in the instant actions were largely or totally dependent upon benefit payments from this federal insurance fund. Suspension of payments has forced each of them to seek local relief support, and in each case that local support while providing some substance is, given the standards of living involved, significantly lower in dollar amount that that of the suspended insurance payments. At the level of living involved herein, such differences in income will effect irreparable damage. Even if the local welfare benefits were comparable to the social security payments, thus alleviating any immediate economic harm, the potential emotional, psychological harm and harm to reputation would be irreparable. A significant portion of this nation distinguishes adversely between living off of insurance benefits and living off of welfare.

I do not feel, however, based on the present record and the wide ramifications of such an order, that it would be proper at this time to enter a temporary class injunction.

As is indicated by this opinion, I shall today request the convening of a three-judge district court; furthermore:

It is ordered, pursuant to Title 28 U. S.C. § 2284, that the defendants in Norton v. Richardson, No. 71–C–539, and Brooks v. Richardson, No. 71–C–560, be temporarily restrained pursuant to Title 42 U.S.C. § 425 from suspending the payment of benefits to Clifford Norton, Lena Hopkins, Charles L. Brooks, and their minor children until further order of this court.