**Benito Marrero PEDROZA, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. No. 364–72.

United States District Court,
D. Puerto Rico.

Feb. 28, 1974.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

## OPINION

TOLEDO, Chief Judge.

This action is brought under Section 205(g) of the Social Security Act (hereinafter Act), Title 42, United States Code, Section 405(g), to review the decision of the Appeals Council of the Social Security Administration terminating plaintiff's disability benefits as of May 1970.

On February 18, 1969, the plaintiff applied for a period of disability and monthly disability benefits, Title 42, United States Code, Sections 416(i) and 423, alleging inability to work as of August 10, 1968, due to a spinal column fracture. Disability benefits were awarded as of August 10, 1968. Thereafter, in April 1970, the plaintiff was notified that his disability ceased in March 1970, and that benefits to him and his family would end as of May 1970. The determination of cessation was affirmed after reconsideration in September 1970, whereupon the plaintiff requested and was granted a hearing held in December 1970. The hearing examiner determined that the plaintiff had been continually disabled within the meaning of the law and reinstated retroactively, his period of disability and his monthly disability benefits. Thereafter, the Appeals Council of the Social Security Administration, on its own motion, reviewed the action of the hearing examiner, Title 42, C.F.R., Section 404.947, and on March 7, 1972 it reversed the hearing examiner's decision and determined that plaintiff's disability ceased as of May 1970. In reaching its decision the Appeals Council resorted to 20 C.F.R., Section 404.949 and took a good deal of new medical evidence bearing on both plaintiff's psychological and physiological condition.

At the time the Appeals Council reached its decision to the effect that plaintiff's disability had ceased, the United States Supreme Court had already decided Richardson v. Wright, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972). In *Wright*, the Supreme Court was asked to decide whether termination of disability benefits without a prior oral hearing violated due process rights defined in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The Supreme Court did not reach the constitutional issue, however, and remanded the case to the Secretary of Health, Education and Welfare (hereinafter Secretary) so that it could be processed according to new termination regulations made effective by the Secretary as of December 27, 1971.

The new regulations include the requirement that a recipient of benefits be given notice of a proposed termination of benefits and the reasons therefor, plus an opportunity to submit rebuttal evidence. The new regulations do not guarantee a pretermination hearing, the Secretary did not guarantee in *Wright* ·that such a hearing would be provided in the future, and as we said before, inasmuch as the Supreme Court did not reach the constitutional issue, *Wright* does not hold that a termination of previously awarded benefits without a hearing is unconstitutional under the Goldberg v. Kelly test.

When the Appeals Council decided in March 1972 to reopen the hearing examiner's decision in this case and thereafter terminate plaintiff's disability benefits, the plaintiff was notified of the Appeals Council's proposed action (Tr. 186); plaintiff was informed as to the new medical evidence that the Appeals Council was going to use to review his case (Tr. 186, 187) and he was told that he had ten (10) days within which to comment on said medical evidence (Tr. 186). After being granted an extension of 15 days (Tr. 184), plaintiff submitted his comments as to the new medical evidence under consideration by the Appeals Council. The plaintiff was not afforded an oral hearing at any time surrounding the action taken by the Appeals Council, and the Secretary's invitation that plaintiff travel to Washington, D. C. in order to secure a hearing before the Appeals Council is, for all practical purposes, considered invalid by this Court. Jeffries v. Olesen, 9 Cir., 121 F. Supp. 463.

Plaintiff's assertion to the contrary notwithstanding, the Appeals Council's action was in keeping with the letter and spirit of the new termination regulations then in effect. The Appeals Council scheduled examinations and relied upon new documentary evidence without affording plaintiff an opportunity to be heard in person—but the new regulations do not call for an oral hearing. If an attack is leveled on the Appeals Council's action in this case, it must be on constitutional grounds. Likewise, if the procedure used by the Secretary in terminating this plaintiff's disability benefits without prior notice in April 1970, before the new regulations on termination were in effect, is attacked constitutional grounds must provide the basis therefor.

Should this Court consider it essential to pass on the question as to whether a recipient of disability benefits is denied his constitutional due process rights when deprived of those benefits without a prior hearing, or the more novel question of whether a recipient is denied those rights under Goldberg v. Kelly, supra, when he is not given a second hearing prior to action taken by the Appeals Council based on new medical evidence, we do not believe it would be necessary to convene a three judge court pursuant to Title 28, United States Code, Section 2282, to decide the constitutional issues. The attack is directed essentially at the failure of the regulations issued under the authority of Title 42, United States Code, Section 405(a) to provide an evidentiary hearing in advance of termination, Mills v. Richardson (2 Cir. 1972), 464 F.2d 995. Although the constitutional issue has been dealt with by Three Judge Courts in two instances, Messer v. Finch (E.D.Ky. 1970), 314 F.Supp. 511; Wright v. Finch (D.D.C.1971), 321 F.Supp. 383, we consider that inasmuch as administrative regulations and not an Act of Congress is under constitutional attack the issue is appropriate for decision by a single judge. Jameson & Co. v. Morgenthan, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189 (1938).

The plaintiff has pointed to two recent instances where Federal District Courts have held that the Secretary must, on constitutional grounds, provide disability recipients with a pretermination oral evidentiary hearing. Eldrich v. Weinberger, 361 F.Supp. 520 (April 9, 1973); Williams v. Weinberger, 360 F.Supp. 1349 (June 22, 1973). Defendants reliance on Gil-Pérez v. Secretary of Health, Education and Welfare, 354 F.Supp. 1342, to the effect that *Eldrich* and *Williams* are inapplicable to the case at bar is misplaced. An oral evidentiary hearing held subsequent to actual termination does not render the constitutional issue moot unless the hearing results in a benefit award to the plaintiff. Under such circumstances there is no case or controversy within which the Court can fix and thereby deal with the constitutional question of a claimant's rights to a pretermination evidentiary hearing.

In *Gil*, plaintiff's disability benefits had been reinstated—there was "nothing the Secretary could do but what was al-

ready done", at page 1346. In the instant case, plaintiff's disability benefits were terminated without a prior evidentiary hearing in April 1970. It was at that moment that the constitutional issue arose. When the hearing examiner decided subsequently to reinstate those benefits the constitutional issue was mooted. However, the Appeals Council's decision to reopen the decision of the hearing examiner and take new medical evidence under 20 C.F.R., Section 404.947, reactivated the constitutional issue once a final determination was made that plaintiff's disability benefits would terminate as of May 1970.

We would consider the constitutional claims advanced by plaintiff if it were not for the fact that there is a dispositive non-constitutional ground which must be dealt with first. Alma Motor Co. v. Timken-Detroit Axle Co., 329 U.S. 129, 67 S.Ct. 231, 91 L.Ed. 128; Clay v. Sun Ins. Office Limited, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170.

The plaintiff argues that the Secretary has not carried its burden of proving that his disability ceased as of May 1970. The pertinent regulation provides in substance that a claimant's disability shall be found to have ceased in the month in which the impairment, as established by the medical or other evidence, is no longer of such severity as to prevent him from engaging in any substantial gainful activity. Title 20 C.F.R. Section 404.1539(a)(1).

■ The Secretary states in its memorandum of law dated March 21, 1973, that the Appeals Council concluded, based on its finding that the medical evidence did not establish any significant physical or mental restrictions which would have precluded work consistent with his past experience, that plaintiff could return to his customary employment. If the Secretary has stated accurately the approach used by the Appeals Council in the instant case, and upon a review of the Appeals Council's decision we consider that it has, then the Appeals Council has contorted the literal meaning of 20 C.F.R., Section 404.-

1539(a)(1). Under said regulation, the Appeals Council is not to review all the medical evidence to determine whether a disability exists; the plaintiff herein had already been deemed disabled as of August 10, 1968 and the medical evidence used to support that decision may not be reconsidered once the Secretary's determination is considered final.

■ The duty of the Appeals Council under 20 C.F.R., Section 404.1539(a)(1), is to determine, based on medical evidence, whether a claimant's disability has ceased, whether the impairment is *no longer* of such severity as to prevent him from engaging in any substantial gainful activity. The burden is on the Secretary to show the claimant is able to work, and the medical evidence must run in a positive vein. To hold that the medical evidence need only show that claimant is not incapable of work is to shift the burden of proof in termination cases onto shoulders ill-equipped to carry it and where it does not belong.

The only medical evidence considered by the Appeals Council that indicates positively that this plaintiff can work, is a report by Dr. Sebastian A. Colom-Alemañy to the effect that he found nothing wrong with plaintiff (Tr. 129).

In contrast, the Special Medical Report of the State Insurance Fund, indicates a chronic lumbosacral sprain (Tr. 109); a medical report by Dr. Arturo Cadilla, Jr. shows "lumbo-sacral spine and extreme nervousness" (Tr. 119); Dr. Ramos' reports that plaintiff has a "limited and painfully active and passive movements of flexion and extension of the cervical, dorsal and lumbo-sacral spine" (Tr. 122); a medical report by Dr. Juan Leompart shows that plaintiff experiences moderate pain in the medial dorsal and lumbosacral region stemming, seemingly, from an acute angulation at the level of the sacroccigeal union (Tr. 125); Dr. Arrillaga Torrens' reports on July 8, 1970, that plaintiff "may have discogenic disease" (Tr. 131); Dr. José Delgado's diagnosed that plaintiff has a "herniated lumbar and a herniated cervical" which requires rest (Tr. 149); a

doctor's certificate shows that plaintiff "has suffered from traumatic injury in the region of his back and that he is unable to return to work" (Tr. 156); a psychiatric evaluation by Dr. Claude Fuentes is to the effect that plaintiff is "able to take care of his personal needs and manage his own funds" (although no determination is made as to whether plaintiff is able to manage anything outside of his personal affairs) (Tr. 160); a psychological analysis reveals only that plaintiff is able to manage his own funds; a second psychological evaluation taken on November 21, 1971 by Carlos Albizu-Miranda, Ph.D., states "the test taken reflects the incapacity of (plaintiff) to cope with the tensions of a job situation. I do not believe that he is able to engage in any kind of work available in the Puerto Rican economy" (Tr. 180) and finally two recent medical reports that while indicating that plaintiff's back condition may have improved from a physiological standpoint, say nothing about his pain, or whether he can cope with it in the context of being able to compete effectively with others who are not similarly affected and who have no psychological impairments. (Tr. 168–172). Caraballo v. Secretary of Health, Education and Welfare, 346 F. Supp. 93 (D.C.P.R.1972).

We make this detailed recount of the medical evidence because while we recognize the unanimously accepted principle that the Secretary's findings, if reasonable, should not be disturbed by the Court on review, Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L. Ed.2d 842 (1971), we feel that in the instant case, given our view as to allocation of burden of proof in disability termination cases, the preponderance of the evidence does not show that this plaintiff is able to once again engage in substantial gainful activity within the meaning and spirit of the Social Security Act.

Accordingly, the decision of the Secretary is hereby reversed, the case is re-manded to the Secretary for the payment of disability benefits retroactively, and for further proceedings not inconsistent with this opinion. Judgment shall be entered accordingly.

It is so ordered.