**Israel LOPEZ LOPEZ,
Plaintiff-Appellee,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Defendant-Appellant.**

**No. 74–1085.**

United States Court of Appeals,
First Circuit.

Argued Feb. 3, 1975.

Decided March 13, 1975.

Morton Hollander, Atty., Dept. of Justice, with whom Carla A. Hills, Asst.

Atty. Gen., New York City, Julio Morales Sanchez, U. S. Atty., San Juan, P. R., Stephen F. Eilperin, and Stanton R. Koppel, Attys., Dept. of Justice, Washington, D. C., were on brief, for defendant-appellant.

Hector Reichard, Aguadilla, P. R., for plaintiff-appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

The Secretary of Health, Education and Welfare has filed an appeal from the district court's remand order in an action brought by a Social Security claimant to review the Secretary's denial of Social Security disability benefits. 42 U.S.C. §§ 405(g), 423(d)(1). We have noted a threshold question of appealability, but upon further consideration are persuaded the matter is properly before us either on appeal, *see, e.g.*, Cohen v. Perales, 412 F.2d 44, 48–49 (5th Cir. 1969), rev'd on other grounds sub nom., Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), or under authority of the All Writs Act, 28 U.S.C. § 1651. *See* Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); 9 Moore's Federal Practice 312–13. We accordingly proceed to the merits.

Lopez filed a claim for Social Security Disability Insurance Benefits in 1971, stating that he could no longer work as his left kidney had been removed and his right was damaged and caused him constant pain. The Social Security Administration, after interviewing and examining him and reviewing his medical records, denied his claim initially and on reconsideration. Lopez then requested and was granted a hearing, at which time a hearing examiner considered all the evidence *de novo*. The hearing examiner, after examining the medical evidence and hearing the testimony of Lopez and a vocational expert, ruled that while he could no longer work as a ce-

ment mason, he could still do jobs of a light and sedentary nature. Finding that such jobs existed in significant numbers in the Puerto Rico economy,[1] the hearing examiner ruled that Lopez had not shown himself to be disabled within the meaning of the Act. 42 U.S.C. § 423(d). Upon Lopez' request for review, the Appeals Council of the Social Security Administration upheld the hearing examiner's decision, the decision then becoming the final decision of the Secretary.

In overruling the decision of the Secretary, the district court apparently accepted the hearing examiner's finding that Lopez could perform light and sedentary tasks but nevertheless held that "the Secretary failed to sustain the burden of showing that there is employment available which plaintiff is able to perform  .  .  .." The court made plain its belief that it was incumbent upon the Secretary to establish that claimants such as Lopez, poorly skilled and residing in an area of high unemployment, have a realistic opportunity of being hired for those positions the Social Security Administration finds them competent to perform. Otherwise they are to be deemed disabled for purposes of the Act. In reaching this conclusion the district court erroneously relied upon a line of cases, interpreting "disability" before Congress added statutory language restricting the definition of that term. With the Social Security Amendments of 1967 Congress clearly foreclosed such prior interpretations. Pub.L.No. 90–248 § 158(b), 81 Stat. 821 (1968). The current law requires that

"an individual  .  .  .  shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, *regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.*"

42 U.S.C. § 423(d)(2) [emphasis supplied]. Nothing could be more clear. Considerations derived from local hiring practices, employer preferences for physically superior workers, and the claimant's actual chances of being hired are irrelevant in determining disability, and must be disregarded. *Cf.* H.R.Rep. No. 544, 90th Cong., 1st Sess., 29–30 (1967); S.Rep. No. 744, 90th Cong., 1st Sess., 48–49 (1967), U.S.Code Cong. & Admin.News 1967, p. 2834. As this court has previously stated, the statutory scheme is not an "ancillary unemployment compensation device". *Reyes-Robles v. Finch*, 409 F.2d 84, 86 (1st Cir. 1969). It is not necessary that the Secretary demonstrate that a particular claimant would actually be hired, or even that there is a realistic chance of his being so. It is sufficient that he show that there are specific jobs in the national economy which a claimant is *capable* of performing. "Disability" as provided in the Act, although defined by reference to concepts similar to employability, is actually a term of art looking to the physical and mental capacity to engage in certain activities, regardless of whether the opportunity for any such activity actually exists.

Every Circuit considering the question has reached the same result as that reiterated here,[2] and we are doing no more

---

1. The Act requires that to be disabled claimants must be unable to engage in "substantial gainful work  .  .  .  which exists in significant numbers *either* in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A) [emphasis supplied].

2. *Torske v. Richardson*, 484 F.2d 59 (9th Cir. 1973), cert. denied, 417 U.S. 933, 94 S.Ct.

2646, 41 L.Ed.2d 237 (1974); *Chavies v. Finch*, 443 F.2d 356 (9th Cir. 1971); *Whiten v. Finch*, 437 F.2d 73 (4th Cir. 1971); *Gentile v. Finch*, 423 F.2d 244 (3d Cir. 1970); *Martin v. Finch*, 415 F.2d 793 (5th Cir. 1969); *Wright v. Gardner*, 403 F.2d 646 (7th Cir. 1968); *Mullins v. Gardner*, 396 F.2d 139 (6th Cir. 1968).

than amplify principles we discussed as recently as last year. Hernandez v. Weinberger, 493 F.2d 1120, 1122 (1st Cir. 1974).

Since the district court's order remanding to the Secretary was premised upon an incorrect legal standard, it is hereby vacated. We cannot determine whether the district court found the Secretary's decision, considered apart from questions of actual employability, supported by substantial evidence. We therefore direct the district court, applying now the appropriate statutory standard, to determine whether or not the Secretary's decision that Lopez was not disabled is supported by substantial evidence.

So ordered.