Manuel A. MIRANDA,
Plaintiff-Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant-Appellant.

No. 74–1362.

United States Court of Appeals,
First Circuit.

Argued Feb. 3, 1975.

Decided April 14, 1975.

Morton Hollander, Atty., Dept. of Justice, with whom Carla A. Hills, Asst. Atty. Gen., New York City, Julio Morales Sanchez, U. S. Atty., San Juan, P. R., William Kanter, and Paul Blankenstein, Attys., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., were on brief, for appellant.

Osvaldo Perez Marrero, Hato Rey, P. R., with whom Plinio Perez Marrero, Hato Rey, P. R., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

The Secretary of Health, Education and Welfare has filed an appeal from a decision of the district court overturning the Secretary's termination of social security disability benefits, 42 U.S.C. § 423, previously granted to Manuel A. Miranda. In reversing, the court remanded to the Secretary for further proceedings consistent with its views. The Secretary now contends that the legal standards invoked by the court and which he has been directed to follow are erroneous. The case is properly before us. *See* Lopez v. Secretary, 512 F.2d 1155 (1st Cir. 1975).

The district court's reversal and remand were premised on several grounds. The second of these is a ground held to be erroneous in *Lopez,* to wit that the Secretary had a duty to

consider whether Miranda "would be employed as a result of the diminishment of his productivity due to his physical condition". As pointed out in *Lopez,* the statutory standard is not employability as such but capacity—not whether claimant could actually locate a job but whether health limitations would prevent him from engaging in "substantial gainful work . . . which exists in significant numbers either in the region where such individual lives or in the several regions of the country". 42 U.S.C. § 423(d)(2)(A). To the extent the court directed the Secretary to apply a different standard, it was in error. This error was compounded by the court's reference, in its original filed opinion, to the special weight said to be owed to the opinion of claimant's personal physician. It is for the Secretary, not a reviewing court, to determine what weight to give to particular items of evidence. *See, e. g.,* Gonzalez v. Richardson, 455 F.2d 953, 954 (1st Cir. 1972).

The district court may also have based its review of the Secretary's findings upon a more exacting standard than the substantial evidence test laid down in 42 U.S.C. § 405(g). Citing Pedroza v. Secretary, 382 F.Supp. 916 (D.P.R.1974), the court described the Secretary as having the burden of proof on the issue of Miranda's continued disability, and as having to produce medical evidence that runs "in a positive vein". If this means that the Secretary's finding of termination must rest upon more than substantial evidence, the court erred.

■ The concept of "burden of proof" is in this context rather confusing. It is true that one claiming benefits is sometimes described as having the "burden of proof", meaning that he must

furnish requisite medical and other evidence within his grasp, *see* 42 U.S.C. § 423(d)(5), and show reasonable diligence in maintaining his claim. *See* Mayes v. Secretary, 300 F.Supp. 76 (M.D. N.C.1968). For his part, however, the Secretary must make an investigation that is not wholly inadequate under the circumstances. And once having found a disability, the Secretary may not terminate the benefits without substantial evidence to justify so doing. This will normally consist of current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful activity; but it might also consist of evidence that claimant's condition is not as serious as was at first supposed.* As for the claimant, he continues at all times under a duty to exercise reasonable diligence in furnishing the Secretary with evidence relevant to his claim.

■ These responsibilities resist translation into absolutes, especially because social security proceedings are not strictly adversarial. For this reason we see no point in deciding abstractly whether the "burden of proof" at a termination proceeding is on the claimant or Secretary. Both have responsibilities. The question in each case is whether the Secretary's decision was supported by substantial evidence; and this means evidence that "a reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). The district court should approach the inquiry in that light, and with reference to the criteria stated in the statute and regulations, rather than in different, more expansive terms.

---

* We reject the broad rule said by the district court to be established in Pedroza v. Secretary, 382 F.Supp. 916 (D.P.R.1974), that the Secretary cannot take into account medical evidence considered earlier when the disability was first established. It would be wrong for the Secretary to terminate an earlier finding of disability on no basis other than his reappraisal of the earlier evidence. However, many impairments are difficult to diagnose; a proper diagnosis may require reference to the cumulative medical history. The Secretary may grant a disability on the basis of a subjective complaint and tentative diagnosis pending the accumulation over time of sufficient indicia for a more complete evaluation. At a termination hearing, the Administrative Law Judge may appropriately contrast the relative strength or weakness of earlier medical evidence and relevant earlier events with claimant's current condition.

■ Turning to the facts concerning Miranda, we consider whether there is substantial evidence to support the Administrative Law Judge's determination that a period of disability granted as of March 10, 1969, had terminated on August 31, 1971. Miranda hurt his back in March, 1969, while lifting a heavy beam. He was hospitalized for nearly two months beginning in early May, 1969, and for a week in the fall. He asserts continuing inability to work due to severe back pain accompanied by pain and numbness in the left arm and leg.

At a termination hearing the Administrative Law Judge studied Miranda's medical history as reflected in reports of examining physicians in 1969 as well as 1971 medical reports, including the report of an orthopedist, Dr. Arzola, who examined Miranda in August of 1971 at the request of the Social Security Administration. The Administrative Law Judge found the impairment had medically improved to the point where claimant "could perform work which does not require stooping or heavy lifting", and hence could work at jobs in the furniture making and shoe industry which exist in substantial numbers in Puerto Rico. This finding of medical improvement was said to be based on Dr. Arzola's evaluation. However, Dr. Arzola made no affirmative finding that Miranda could work. Like previous examiners, Dr. Arzola diagnosed a sacrolumbar strain; his report concluded:

"At present, no evidence of disc herniation or root impinchment. No treatment recommended other than avoidance of heavy lifting or working [in] a stooped position."

The body of Dr. Arzola's report reflected a detailed examination with essentially negative findings except as to bending and pain. X-rays of the spine were said to reveal "well preserved intervertebrae spaces", no arthritic changes, and normal lumbosacral angle and sacro-iliac joints. Lassegue's and Patrick's tests were normal; sensation was intact, there was no atrophy or weakness of muscle; deep tendon reflexes were symmetrical bilat-

erally; no muscle spasm was present; and there was moderate tenderness to pressure over the lumbosacral area. Lateral and backward bending was, however, found to be restricted at least 50%; and while straight leg raising was possible to 80 degrees bilaterally there was pain referred to the back, persisting even when knees were flexed. Claimant was observed to walk with a cane in the left hand and have a gross limp to the left.

While the Administrative Law Judge's formal findings were that Miranda had "medically improved" as of August 31, 1971 (a date several days after Dr. Arzola's examination), the portion of the decision entitled "Rationale" reveals a judgment that Miranda's condition was never really as serious as believed. Such a judgment, if supported, would be permissible; but there are indications that the Administrative Law Judge's skepticism, including his criticism of the medical evidence, went beyond his authority.

■ The Administrative Law Judge stressed that Miranda's alleged impairment had not been established by "objective laboratory findings," which he felt were required by the Secretary's regulations. See 20 C.F.R. § 404.1501(c); 42 U.S.C. § 423(d)(3). That statutory requirement, however, prescribes only that an allegedly disabling impairment result "from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Here, Miranda's impairment, sacrolumbar strain, had been diagnosed by every physician who had examined him, including Dr. Arzola. It is unclear why these diagnoses were based on less than adequate *clinical* techniques. And we do not read the regulations as precluding appraisal of the allegedly disabling effects of pain resulting from such a diagnosed abnormality.

■ We conclude that there is cause for a limited remand to the Secretary for the purpose of his receiving medical evidence on whether because of pain Miranda was incapacitated from work of

any sort. This does not mean that unless there is positive medical testimony to the contrary, the Secretary is necessarily required to continue the disability beyond August, 1971. Pain is not easily diagnosed, and the Secretary is not at the mercy of every claimant's subjective assertions of pain. But while pain is "subjective", clinical techniques may shed some light on the probability of its existence, magnitude and disabling effects. Since the essence of Miranda's testimony and claim was that the pain was such that he could not work under any condition, we think there should be a medical opinion addressed to this issue. Although Dr. Arzola diagnosed a chronic lumbosacral strain and his report suggested the existence of associated pain, the report made no attempt to evaluate the extent and seriousness of the discomfort and its relationship, if any, to Miranda's capacity for work. Indeed, neither Dr. Arzola's nor any other report addresses itself directly to Miranda's ability to work. Moreover, it is not clear whether the Administrative Law Judge considered pain to be relevant. He stated simply,

> " . . . [E]ven if his subjective complaints of back pain and numbness of his left leg were to be admitted as proven facts, the claimant could still perform a large number of jobs . . . ."

All people suffer from aches and pains, and doubtless Miranda could be fit for work even though he experienced pain, even substantial pain. But pain may reach a disabling level, and Miranda is entitled to have the question faced squarely. *Cf.* Butler v. Flemming, 288 F.2d 591, 595 (5th Cir. 1961). If the medical evidence should be ambiguous, then the Secretary is entitled, on the basis of his overall evaluation of the claim including Miranda's credibility, to rule one way or the other. But the present record is inadequate.

Much time has elapsed, but it still may be possible to obtain meaningful medical evidence on this score depending, of course, on Miranda's present situation.

The judgment of the district court is vacated. The case is returned to the district court with directions to remand to the Secretary for reconsideration in the light of further medical evidence as described above.

Reversed and remanded for proceedings in accordance herewith.