**Jose SERRANO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 80 Civ. 2565 (CBM).**

United States District Court,
S. D. New York.

April 30, 1981.

Jose Serrano, plaintiff pro se.

John S. Martin, Jr., U. S. Atty., S. D. New York, New York City by David M. Jones, Asst. U. S. Atty., New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (the Act), 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services (the Secretary), denying plaintiff's application for disability insurance benefits. Defendant has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted and the action dismissed.

*Facts and Procedural History*

Plaintiff is a forty-four year old male who began to receive Supplemental Security Income (SSI) in January, 1974, when it was determined that he was disabled. In April, 1979, plaintiff was advised by the Bureau of Disability Insurance that his payments would terminate at the end of April because an investigation had concluded that as of February, 1979, he was no longer disabled. Plaintiff requested a hearing, claiming entitlement to continued disability payments beyond February, 1979. The hearing was held before an Administrative Law Judge (ALJ) on November 7, 1979. Plaintiff appeared personally and testified. A non-attorney representative appeared with him and a Spanish interpreter was provided. The issues before the ALJ were whether plaintiff's disability had ceased and, if so, as of what date.

The ALJ considered plaintiff's claim *de novo* and, on December 4, 1979, denied his challenge to the decision of the Bureau of Disability Insurance. Upon plaintiff's request for review, the Appeals Council concluded that there was no basis for granting

**32**

his request and, accordingly, the ALJ's decision stands as the final decision of the Secretary of Health and Human Services. Given the limited nature of this court's task in reviewing the Secretary's determination, a detailed account of plaintiff's extensive medical history is not necessary. Pertinent facts will appear in the course of the following discussion.

*Discussion*

■ The Secretary's denial of disability benefits may only be overturned if it is not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971); *Levine v. Gardner*, 360 F.2d 727, 729 (2d Cir. 1966). Thus, any factual findings made by the Secretary are conclusive if supported by substantial evidence. The issue before this court is whether such evidence supports the Secretary's decision that plaintiff is not disabled as that term is defined in § 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3).

Until his benefits were terminated, plaintiff was a member of that class of SSI recipients who had been "grandfathered" into the program upon its inception in 1974, i. e., those persons who were at that time transferred into the new federally funded and administered program from the old state administered program of aid to the aged, blind or disabled. The state program was only partially funded by the federal government. Those persons who continued to meet the disability definitions found in their state programs as of October, 1972 would continue their eligibility for SSI disability benefits. *See* Act, § 1614(a)(3)(E), 42 U.S.C. § 1382c(a)(3)(E). Disability for this class can cease only when the beneficiary is no longer disabled under the definition of *either* the state or federal programs. *Id.*

Although the applicable state standard, found at § 368.1(c) of the New York State Regulations of the Department of Social Services,[1] differs in some respects from its federal counterpart,[2] both standards require, for the purposes of this action, an impairment sufficient to preclude plaintiff from engaging in any useful work for which he is competent. The sole question, then, is whether there is substantial evidence supporting the Secretary's decision that plaintiff is without such an impairment.

While it is recognized that a claimant has the burden of proving his entitlement to disability benefits (*Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38 (2d Cir. 1972); *Franklin v. Secretary of Health, Education and Welfare*, 393 F.2d 640 (2d Cir. 1968)), where the burden lies is not so clear as to a claim of continued disability beyond the time of cessation found by the Secretary. *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996 (1st Cir. 1975). Nevertheless, irrespective of where the burden of proof lies, the only consideration of relevance to this court is whether the Secretary's decision is supported by evidence such that a reasonable mind might accept as adequate. *Miranda, supra.*

Considering the federal standard first, in order to establish that he is entitled to continued benefits, plaintiff must show that he is unable to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months and the existence of which is demonstrated by evidence supported by data obtained by medically acceptable clinical and laboratory techniques. *Fuerst v. Secretary of Health, Education and Welfare*, 354 F.Supp. 185 (S.D.N.Y. 1973); 42 U.S.C. § 1382c(a)(3)(A) and (C). The mere existence of an impairment is not enough to establish eligibility. Such im-

---

1. § 368.1(c) states, in pertinent part:
   Permanently and totally disabled means that the individual has a permanent physical or mental impairment, disease; (sic) or loss, or combination thereof that substantially pre-
   cludes him from engaging in useful occupations within his competence, such as holding a job or performing homemaking.

2. 42 U.S.C. § 1382c(a)(3), discussed *infra.*

pairment must deprive the claimant of his capacity for work to the extent that he is unable to engage in substantial gainful activity, not only of the kind previously engaged in, but also, considering his age, education and work experience, any other kind of work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). *See also Fuerst v. Secretary of Health, Education and Welfare, supra.*

Under the state standard, an individual must show a permanent disability "that substantially precludes him from engaging in useful occupations within his competence." New York State Regulations of the Department of Social Services, § 368.1(c). While any distinction between the federal and state disability standards, at least for the purposes of this action, would appear to be semantic only,[3] the ALJ was nevertheless careful to apply both standards to the evidence before her. *See* Decision of Administrative Law Judge Mary E. Cerbone at pg. 7 (Dec. 4, 1979).

Plaintiff began to receive SSI benefits in January, 1974. He was continued in the program when an examination in September, 1977 revealed pneumonitis of the right lower lobe (lung), possibly malignant. *See* Exhibits 4 and 5, as presented at the November 7, 1979 hearing before the ALJ.

Plaintiff was next examined in February, 1979 by Dr. George Weingarten and tested in January and February, 1979 at Beth Israel and Lenox Hill hospitals. No evidence was found of a residual right lower lobe infiltrate. Tests revealed a moderate restrictive and slight obstructive pulmonary disease with small airway disease predominating. Also noted were plaintiff's long standing addictions to heroin and alcohol. Exhibit 8. On the basis of this examination the agency determined that plaintiff's disability had ceased.

Examination of the evidence presented at the hearing on November 7, 1979 demonstrates that there is certainly substantial evidentiary support for the Secretary's denial of continued disability benefits. It is important to realize that benefits were denied because the ALJ concluded plaintiff was able to engage in sedentary work. *See* Decision of Administrative Law Judge at pg. 6 (Dec. 4, 1979). Thus, in order to prevail here, plaintiff must prove that he was completely disabled subsequent to February, 1979. Plaintiff's selfserving assertions of disability due to alcoholism, bronchitis and back pain, unless corroborated by credible medical testimony, are insufficient for a finding of disability. *Peterson v. Gardner,* 391 F.2d 208 (2d Cir. 1968); *Ramirez v. Secretary of Health, Education and Welfare,* 528 F.2d 902 (1st Cir. 1976).

Little medical evidence was offered in support of plaintiff's position. There is a letter dated April 13, 1979 indicating plaintiff's voluntary attendance, six times weekly, at a methadone maintenance program. Exhibit 12. However, as pointed out by the ALJ, there was no evidence that either of plaintiff's addictions were so severe as to preclude his engaging in any type of work. Likewise, two reports from Dr. Victor Flores, giving different dates as to when plaintiff was first seen, were insufficient to override the conclusions of the far more substantial testing that resulted in the decision to cease plaintiff's benefits. Dr. Flores' reports can be summarized as finding: drug addiction, alcoholism, chronic cough, chest pain, a shadow on left lower lobe and loss of weight. It is clear that irrespective of these findings there remains substantial and extensive evidence supporting the ALJ's decision that plaintiff is capable of performing at least sedentary work as defined at 20 C.F.R. 416.910.[4]

---

**3.** While it can be said that both standards require an impairment sufficient to preclude an individual from engaging in any useful work for which he is competent, the federal statute requires an impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3).

The state regulation requires a "permanent" impairment. New York State Regulations of the Department of Social Services § 368.1(c).

**4.** 20 C.F.R. 416.910(b) states:

**34**

Dr. Weingarten's report (Exhibit 8) states that plaintiff can walk twenty blocks and climb five flights of stairs without difficulty. In addition, the ALJ, at the hearing, questioned plaintiff closely with respect to his daily activities and was able to conclude that the functional capacity for sedentary work could not be ruled out. *See* Decision of Administrative Law Judge at pg. 6 (Dec. 4, 1979).

The complaint is dismissed.

Sedentary work. Sedentary work entails lifting 10 pounds maximum and occasionally lifting or carrying such articles as dockets (e. g., files), ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.