Yvonne BENKO

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

No. 81–522–L.

United States District Court,
D. New Hampshire.

March 22, 1982.

Shelley Simpson, Claremont, N.H., for plaintiff.

U.S. Atty. W. Stephen Thayer, III, Concord, N.H., for defendant.

## ORDER

LOUGHLIN, District Judge.

This is an action brought pursuant to 42 U.S.C. § 405(g) to review a final determination of the Secretary of Health and Human Services terminating plaintiff's Social Security disability benefits. Plaintiff was first awarded benefits as a result of an application filed August 2, 1978. The Social Security Administration reevaluated her condition in early 1980, issuing a Notice of Planned Action Medical May 3, 1980 informing plaintiff that her disability had ceased as of March, 1980, much to her surprise. She requested a hearing before an Administrative Law Judge (ALJ) on May 19, 1980. That hearing was held December 10, 1980 and an opinion issued March 18, 1981, determining that plaintiff was no longer disabled. Plaintiff's request for review by the Appeals Council was denied August 20, 1981, making the ALJ's decision the final decision of the Secretary. The plaintiff thereupon filed her complaint with this court.

Presently before the court are Defendant's Motion for Order Affirming the Decision of the Secretary and Plaintiff's Motion for Entry of Judgment.

## THE APPLICABLE LAW

The term "disability" is defined in 42 U.S.C. § 423(d)(1)(A) to mean

"The inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

An individual shall be determined to be under a 'disability' only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. "Work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

The Act further provides that a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted

clinical and laboratory diagnostic techniques.

42 U.S.C. § 423(d)(3).

■ The issue before this Court is whether there is substantial evidence to support the findings of the Secretary. "Substantial evidence" has been defined as follows:

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Consolidated Edison Co. v. Labor Board,* 305 U.S. 197, 229 [59 S.Ct. 206, 216, 83 L.Ed. 126]. "It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *Labor Board v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 [59 S.Ct. 501, 505, 83 L.Ed. 660]. This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.

*Consolo v. Federal Maritime Commission,* 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966). There are four elements to be weighed in determining whether there is substantial evidence to support the Secretary's decision: (1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain as testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age. *Timmerman v. Weinberger,* 510 F.2d 439, 442 (8th Cir.1976); *Underwood v. Ribicoff,* 298 F.2d 850, 851 (4th Cir.1962).

The burden of proof in a Social Security proceeding is split between the claimant and the government. *Tores v. Celebrezze,* 349 F.2d 342 (1st Cir.1965); *Hernandez v. Weinberger,* 493 F.2d 1120 (1st Cir.1974). The claimant bears the initial burden to show that he is unable to return to his former type of work. Once claimant has presented a prima facie case of disability, the burden of proof shifts to the Secretary to show that "considering the claimant's age, education, work experience, and impairment, there were jobs which he could perform" existing in the national economy. If the Secretary makes this showing, then the overall burden remains upon the claimant. *Hernandez v. Weinberger, supra,* at 1123.

## FINDINGS AND RULINGS

Plaintiff first contends that it is error for the Secretary to terminate benefits once granted, absent a showing of improved condition. Although this is a somewhat overbroad statement of the law in this area, there is merit in plaintiff's argument.

■ The doctrine of res judicata applies to decisions of the Secretary of Health and Human Services, as it does generally to administrative adjudications. *United States v. Utah Construction and Mining Co.,* 384 U.S. 394, 421–422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); Davis, *Administrative Law of the Seventies,* § 18.02 (Lawyer's Co-op, 1976). As with judgments generally, there is a requirement of mutuality of estoppel. 46 Am.Jur.2d § 521 (1969). This doctrine is recognized by the Secretary and has been incorporated into the regulations as 20 C.F.R. 416.1455, providing the general rule that "The decision of the Administrative Law Judge is binding on all parties to the hearing unless . . . ." The vast majority of the cases deal with the doctrine applied in bar of successive applications. *See, e.g., Sampson v. Califano,* 551 F.2d 881 (1st Cir.1977); *Ruiz-Olan v. Secretary,* 511 F.2d 1056 (1st Cir.1976). However, the doctrine has been held to apply to the Secretary on termination proceedings, the seminal case in the First Circuit being *Miranda v. Secretary,* 514 F.2d 996 (1st Cir.1976). The *Miranda* decision established two situations where res judicata does not bar the termination of benefits.

This will normally consist of current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful activity; but it might also consist of evidence that claimant's condition is not as serious as was at first supposed.*

---

* . . . It would be wrong for the Secretary to terminate an earlier finding of disability on no

basis other than his reappraisal of the earlier evidence. However, many impairments are difficult to diagnose; a proper diagnosis may require reference to the cumulative medical history .... At a termination hearing, the Administrative Law Judge may appropriately contrast the relative strength or weakness of earlier medical evidence and relevant earlier events with claimant's current condition.

514 F.2d at 998.

The first of these, improved condition, is not a departure from traditional notions of res judicata at all. A requisite of application of the doctrine is identity of issues. See, 46 Am.Jur.2d, *Judgments,* § 415 (1969). In general, the applicable regulations express the issue in a disability benefits determination as to whether the claimant is unable

> to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 CFR § 416.905(a). In a termination proceeding based upon improved condition, the issue addressed is disability over a separate and different period of time than that previously litigated. As the factual issue is distinct, res judicata binds neither the Secretary nor the claimant.

The second *Miranda* exception is where the Secretary seeks to relitigate the severity of an impairment that has not improved. The *Miranda* court indicated that such a reappraisal is proper where the impairment is difficult to diagnose and subsequent evidence reveals it is not as severe as was at first believed. *Accord, Weber v. Harris,* 640 F.2d 176, 178–179 (8th Cir.1981). *Cf. Finnegan v. Matthews,* 641 F.2d 1340, 1344–1347 (9th Cir.1981), (grandfathered claimant).

But, it is not enough under the regulations and the doctrine that the Secretary provide merely one more medical opinion. The doctrine of res judicata applies equally to matters which could have been litigated as to matters actually determined. 46 Am. Jur.2d, *Judgments* §§ 420, 422 (1969). This rule is reflected in 20 C.F.R. § 416.-1489(a)(1), requiring new and material evidence to reopen a determination. Materiality of estoppel and the plain language of 20 CFR 416.1455 require that the Secretary make the same showing of new and material evidence to reopen a determination that is required of a claimant. The requirement that it be new mandates that it was not available to the ALJ at the proceedings when the claimant's application was first granted. This precludes the introduction of evidence that is merely cumulative as a basis for reopening, and the regulation has been so construed. *Selman v. Califano,* 619 F.2d 881, 884 (10th Cir.1980); *Hallard v. Flemming,* 167 F.Supp. 205, 210 (W.D.Ark. 1958). The requirement that the evidence be material mandates that the proffered evidence be relevant to the ultimate fact in issue in the earlier proceedings. 22 Wright and Graham, Federal Practice and Procedure: Evidence, § 5164 (West 1978).

■ The difficulty in diagnosis must not be related to some factor, such as consultative examinations or clinical testing, over which the Secretary has control. See, e.g., 20 C.F.R. §§ 416.914, 416.917(b). It must be predicated on some factor inherent in the disease, rather than in the administration process. The court rules that the doctrine of res judicata prevents the Secretary from changing his mind other than where there is an affirmative showing of an impairment that is 1) difficult to diagnose and 2) not as severe as originally thought, as demonstrated by 3) new and material evidence. Otherwise, the Secretary must show that the plaintiff's condition has improved to the point where she is no longer disabled as that term is defined in the applicable law.

■ A review of the ALJ's opinion indicates that he does not address either of the *Miranda* exceptions. Instead, he proceeds directly into the sequential evaluation of 20 C.F.R. § 416.920 to determine that plaintiff is capable of performing sedentary work. (Tr. 23–33). This is error requiring reversal. As indicated hereinbefore, the ALJ may not consider the disability of a claim-

ant without considering the binding effect of the earlier determination.

■ Plaintiff next argues that the ALJ switched the issue in the course of the hearing. It is a requisite of due process that "a recipient have timely and adequate notice detailing the reasons for a proposed termination ..." *Goldberg v. Kelley,* 397 U.S. 254, 267–268, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970). This is equally true in Social Security termination cases. *Mathews v. Eldridge,* 424 U.S. 319, 348, 96 S.Ct. 893, 909, 47 L.Ed.2d 18 (1976). The purpose of notice is to allow the plaintiff to adequately prepare to litigate the issues at the hearing. 3 Davis, Administrative Law Treatise, § 14.11 at 48–51 (2nd Ed., 1980). This requirement of notice has been promulgated into 20 CFR § 416.1446(b). That section provides:

> (b) New Issues—(1) General. The administrative law judge may consider a new issue at the hearing if he or she notifies you and all the parties about the new issue any time after receiving the hearing request and before mailing notice of the hearing decision. The administrative law judge or any party may raise a new issue; an issue may be raised even though it arose after the request for a hearing and even though it has not been considered in an initial or reconsidered determination.
>
> (2) Notice of a new issue. The administrative law judge shall notify you and any other party if he or she will consider any new issue. Notice of the time and place of the hearing on any new issues will be given in the manner described in § 416.1438, unless you have indicated in writing that you do not wish to receive the notice.

The clear import of this section is to preclude the ALJ from determining any issue that the plaintiff has not received notice of.

The plaintiff here received two notices prior to the hearing that might be deemed to define the issues at the hearing. The first of these is a Supplemental Security Income Notice of Planned Action—Medical. (Tr. at 87). This notice informs the plain-

tiff that her medical condition was determined to not be disabled as of March, 1980. The basis of this decision are that 1) plaintiff did not undergo recommended surgery; 2) her condition is not as severe as her complaint; 3) her condition no longer met or equaled the impairment listings; and 4) she is able to return to her past work. The second notice is a Notice of Hearing (Tr. at 38). This notice indicates that the issue at the hearing would be whether plaintiff continued to be disabled. The "specific issue" noticed is a paraphrase of the broad definition of disability of 20 CFR § 416.905. The claimant also received a general notice of the issue orally at the hearing. That notice framed the issue as to whether the plaintiff was disabled. (Tr. at 46)

■ Plaintiff does not complain of the insufficiency of any of these notices, but rather with the inconsistency of the issue as framed at page 1 of the decision and as ultimately decided. However, both issues were noticed in the Notice of Planned Action and Notice of Hearing, although perhaps overbroadly stated. If plaintiff was dissatisfied with the statement of the issues contained in the Notice of Hearing, she should have objected pursuant to 20 C.F.R. § 416.1439. Since she has not, she is precluded from objecting at this stage of the review. In fact, all four of the basis for termination contained in the Notice of Planned Action were raised at the hearing, although the first one, failure to undergo a recommended operation, did not form a basis for the ALJ's decision. There is no due process problem with the notices in this determination.

Plaintiff next contends that the ALJ's determination that plaintiff has the residual functional capacity to do sedentary work is not based upon substantial evidence. Sedentary work is defined at 20 CFR § 416.967:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carry articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a

certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. This is, at best, a bare bones definition, and not much flesh has been added by court construction. Plaintiff contends that there is a lifting criteria in the regulation; the plain meaning of "no more than 10 pounds" would include lifting weights from zero to ten pounds, a criteria without a lower limitation. The real objective criteria present is the ability to sit. How much sitting is the inquiry.

Some light is shed by the definition of light work in 20 CFR § 416.967(b). The last sentence therein precludes a finding of capacity to do sedentary work where there is ". . . an inability to sit for long periods of time". Plaintiff maintains that she must interrupt her sitting with period of lying down. A somewhat analogous situation was presented in *Thomas v. Secretary of Health and Human Services,* 659 F.2d 8 (1st Cir.1981). Mr. Thomas was stricken with arthritis of the knee that required him to stand at intervals to alleviate the pain. The Circuit Court wrote:

> At most the Digest might be viewed as a kind of interpretive rule to be read harmoniously with section 416.910(b) as an aid to its interpretation. Cf. *Nason v. Kennebec County CETA,* 646 F.2d 10 (1st Cir.1981). Taken in this light, the Digest statement appears merely to emphasize what is already inherent in the phrase "sedentary work"—that one whose disability precludes sitting most of the work day is not, in fact, adapted to sedentary work.

659 F.2d at 10–11. The court goes on to draw a quantitive distinction between a person who needs to stand occasionally and a person whose impairment requires changes in posture so frequently that they cannot sit most of the day . . .

> for example, persons who must often interrupt their sitting with standing for significant periods of time, preventing them from reliably attending to work in a seated position.

*See, also, Deutsch v. Harris,* 511 F.Supp. 244, 249 (S.D.N.Y.1981). Accordingly, a conclusion that a claimant may perform sedentary work must be predicated upon a finding that the claimant can sit most of the day, with occasional interruptions of short duration.

The record here contains little evidence of plaintiff's sitting ability. The consultative examination report by Dr. Howard Halfmann indicates that the plaintiff "had trouble sitting on a table" and could not sit on the edge of the table with any particular comport." (Tr. at 132–133). Plaintiff testified at the hearing that she could only sit for fifteen minute intervals. (Tr. at 57, 60, 66, 68). The ALJ discredited this evidence based upon Dr. Halfman's observations and his own observations at the hearing. It is well established that the weighing of credibility is a function reserved to the ALJ. *Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981). Of course, this determination of fact, as well as all other factual determinations the ALJ makes, must be supported by substantial evidence. His disbelief must be based upon "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion". *Consolidated Edison v. National Labor Relations Board,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). And the ALJ must make specific findings as to the relevant evidence factors he considers in determining to disbelieve the plaintiff. *Baergan v. Richardson,* 500 F.2d 309, 312 (3rd Cir.1974), cert. denied 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). Our review of the ALJ's decision indicates he has complied with these requirements. (Tr. at 31). The ALJ's determination of credibility is supported by substantial evidence.

The effect of the ALJ's credibility determination can only be understood in terms of the burden of proof in social security cases under 42 U.S.C. § 405(g). Once the plaintiff establishes that she is unable to return to her former employment, which

 

burden plaintiff met in her initial disability determination, the burden shifts to the Secretary to show that "considering the claimant's age, education, work experience, and impairment, there are jobs which [s]he could perform" existing in the national economy. *Torres v. Celebrezze,* 349 F.2d 342 (1st Cir.1976); *Hernandez v. Weinberger,* 493 F.2d 1120 (1st Cir.1974). A determination that plaintiff can do work is predicated upon a finding of residual functional capacity. 20 CFR § 416.961. The residual functional capacity must be established by demonstrating by substantial evidence each of the definitional criteria of the physical exertion requirements in 20 CFR § 416.967. There is no presumption of sitting ability available to the Secretary; it must be established by substantial evidence. As the burden of going forward with this evidence is upon the Secretary, and the evidence was not produced, the Secretary must suffer adverse judgment.

▆ Finally, the plaintiff argues that the ALJ's reliance upon the medical-vocational tables, 20 CFR Rule 4, Subpart P, Appendix 2 was error. The girds are a recognition of the doctrine of administrative notice. The fact noticed is the existence of jobs in the national economy given each of the factors underlying each decisional rule: age, education, residual functional capacity, and previous work experience. Plaintiff argues at length that the grids are an improper application of notice and have been criticized. Defendants argue at length that they are proper. As defendant points out, the First Circuit has concluded the issue in favor of the propriety of the grids, and we are bound by those decisions. *Geoffroy v. Secretary of Health and Human Services,* 663 F.2d 315, 318 (1st Cir. 1981). But the grids are not a magician's top hat from which the Secretary may blissfully pull decisions. Before any decisional rule is applicable, the Secretary must establish by substantial evidence each of the four vocational factors upon which that rule is predicated. As the Secretary did not establish residual functional capacity to do sedentary work by substantial evidence, the use of the vocational rule is improper.

The decision of the Secretary is reversed and remanded for the computation of benefits. It is so ordered.