**Lorraine GRANT, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–0107 P.**

United States District Court,
D. Maine.

Dec. 1, 1983.

---

Jack Comart, Paul G. Thibeault, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## 208

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GIGNOUX, District Judge.

This is an action brought under Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), 1383(c)(3), for review of the "final decision" of the Social Security Administration administrative law judge (ALJ) and Appeals Council that plaintiff's entitlement to a period of disability and disability insurance benefits and eligibility for Supplemental Security Income Benefits ended effective July 31, 1982, because she was no longer "disabled" within the meaning of the Act, 42 U.S.C. §§ 416(i), 423(d)(1), 1382c(a)(3). It is admitted that plaintiff has exhausted her administrative remedies. In accordance with the statute, the Secretary has filed as part of the answer a certified copy of the transcript of the record, including the evidence upon which the findings and decisions are based. Both parties have moved for summary judgment; and plaintiff has also moved for remand. Neither party has requested oral argument. *See Local* Rule 12(b).

■ The Court has reviewed and considered the entire record, including the transcript of the administrative proceedings and the briefs submitted by counsel. In reviewing the Secretary's decision, this Court must determine whether the ALJ's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127, 128 (1st Cir.1981); *Velez v. Secretary of Health, Education & Welfare,* 608 F.2d 21, 23 (1st Cir.1979). Judicial review is limited, and this Court must affirm the Secretary's decision if the agency's findings are supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). To afford meaningful review, the Secretary must provide full and detailed findings in support of the agency's conclusion. *Small v. Califano,* 565 F.2d 797, 801 (1st Cir.1977).

■ In the instant case, plaintiff was initially awarded Social Security Disability Benefits beginning November 12, 1973, and was found eligible for Supplemental Security Income Benefits. In May 1982, the agency reexamined plaintiff's disability claim and terminated benefits as of the end of July 1982 based upon a determination that plaintiff was no longer "disabled" within the meaning of the Act. Based upon careful examination of the administrative record, this Court concludes that there is not substantial evidence in the record to support the Secretary's decision and, therefore, plaintiff's benefits have been improperly terminated.

■ It is well established that a claimant seeking disability benefits bears the burden of furnishing medical evidence to show a disability serious enough to prevent claimant from returning to former employment. *Vasquez v. Secretary of Health and Human Services,* 683 F.2d 1 (1st Cir. 1982). While that burden is still on the claimant even after an initial determination of disability is made, claimant is entitled to a rebuttable presumption that the disability once established continues. *Patti v. Schweiker,* 669 F.2d 582, 586–87 (9th Cir. 1982). Having once found a disability exists, the Secretary may not terminate benefits without current evidence showing that claimant's condition has improved to the point of being able to engage in substantial gainful activity, or evidence that claimant's condition is not as serious as first supposed. *Miranda v. Secretary of Health, Education & Welfare,* 514 F.2d 996, 998 (1st Cir.1975). Neither the ALJ in his decision to terminate benefits nor the Appeals Council in its refusal to review the ALJ's decision in light of new medical evidence has come forward with evidence which would overcome this presumption of disability.

■ The ALJ appears to base his decision to terminate benefits primarily upon the absence of any clinical evidence to substantiate plaintiff's complaints of pain. He stressed that Dr. Parisien, plaintiff's treat-

ing physician, had failed to make a specific diagnosis of the cause of plaintiff's low back pain and stated that "the medical record simply fails to show any anatomical or physiological abnormalities other than claimant's obesity." (Record at 22). In her request to the Appeals Council for review of the ALJ's decision, plaintiff submitted letters from Dr. Parisien and Dr. DeCosta as well as the results of a CT scan, all attesting to the existence of a herniated lumbar disc as the source of plaintiff's back pain. (Record at 245, 246). The Appeals Council reviewed the new medical evidence and found it would support plaintiff's claim of a back impairment. Yet despite this conclusion, the Appeals Council refused to review the ALJ's decision which had been based largely upon the entirely inconsistent finding that there was no medical evidence to demonstrate continued existence of pain.* In accordance with 20 C.F.R. §§ 404.970, 416.1470, the Appeals Council must review a case in which the ALJ's findings, in light of new and material evidence, are "contrary to the weight of the evidence currently in the record." By summarily affirming the ALJ's decision without review, the Appeals Council violated the Secretary's procedural regulations and denied plaintiff the opportunity to prove a medical basis for her pain.

 More importantly, in light of the previous agency decision that plaintiff's psychological impairments constituted a disability within the meaning of the Social Security Act, the ALJ had a special obligation to develop the record with regard to plaintiff's mental state. *Miranda.* Instead, the ALJ stated in conclusory fashion and without explanation that claimant's condition had improved. Indeed, this conclusion is all the more remarkable since there is no evidence in the record that plaintiff's condition has changed at all, and the report of her psychologist specifically indicated that her condition showed little or no improvement since 1975. (Record at

221). Rather than finding an improper diagnosis had been made or that plaintiff's condition was not as serious as first supposed, which under *Miranda* would still have provided a proper basis for termination, the ALJ instead based his decision upon improvement, a finding having no basis in the medical record or testimony. Since there is essentially no evidence to support the conclusion that plaintiff's condition had improved, the substantial evidence standard has not been met.

Plaintiff's benefits have been wrongfully terminated, and it is appropriate in this case to reinstate her benefits. Since the Secretary may at any time conduct periodic reexaminations of the plaintiff's condition, a remand to the agency for further proceedings would serve no useful purpose. *Cassiday v. Schweiker,* 663 F.2d 745, 750 (7th Cir.1981). Accordingly, the Secretary is directed to reinstate plaintiff's disability insurance and supplemental security income benefits until such time as the Secretary can show by substantial evidence that she can perform basic work activities and is therefore capable of sustained gainful employment.

For the foregoing reasons, it is ORDERED that plaintiff's motion for summary judgment is GRANTED; defendant's motion for summary judgment is DENIED; and this case is REMANDED to the Secretary with directions to reinstate plaintiff's disability insurance and supplemental security income benefits in accordance with the views herein expressed.

---

* Although the ALJ also stated that even if claimant's pain had a medical basis, it was not severe enough to be disabling, he failed to address in any detail whether such pain would prevent her from performing the basic work activities outlined in 20 C.F.R. § 404.1521.