Caroline **WILLIAMS**, on behalf of herself and persons similarly situated

v.

Casper **WEINBERGER**, In his Official Capacity of Secretary of the Department of Health, Education and Welfare.

Civ. A. No. 17128.

United States District Court, N. D. Georgia, Atlanta Division.

June 22, 1973.

Jay E. Loeb, Atlanta, Ga., for plaintiff.

John W. Stokes, U. S. Atty., Stanley M. Baum, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Plaintiff in this purported class action attacks the constitutionality of the procedures employed by the Secretary of Health, Education, and Welfare to terminate disability benefits under Section 223 of the Social Security Act, 42 U.S.C. § 423 (1970). Specifically, plaintiff contends that the termination of her disability benefits without sufficient notice and without a pre-termination oral evidentiary hearing deprives her of her due process rights under the Fifth Amendment.

On November 2, 1962, plaintiff filed a claim for disability insurance benefits on her own earnings record based on an alleged inability to work due to a mouth infection. The claim was allowed by the Social Security Administration [the "Administration"] on March 13, 1963, on the basis of a disability caused by pemphigus (a skin disease) and plaintiff began receiving benefits in May, 1962. On September 14, 1971, while checking out a different claim filed by plaintiff, the Vocational Rehabilitation Division of the Georgia Department of Human Resources [the "State Agency"] [1] made a determination on the basis of record evidence that plaintiff's medical condition had improved and it prepared a "proposed cessation of disability" which, if approved by the Bureau of Disability Insurance [the "Bureau"] of the Administration, would require termination of plaintiff's disability insurance benefits as of November, 1971. On September 21, 1971, the Bureau approved the State Agency's determination and proposed cessation of disability.

Due to an error in processing plaintiff was not notified of the Bureau's termination action until February 7, 1972. The next day she wrote to the Administration and indicated her belief that she was still disabled. On March 8, 1972, she filed a request for reconsideration of the Bureau's termination action. A month later, on April 6, she instituted Civil Action No. 16433 in this court attacking the termination procedures employed by the Secretary of Health, Education, and Welfare on the ground that they failed to provide a pre-termination evidentiary hearing.[2]

---

1. The initial determination of cessation of disability is rendered by a proper state agency under an agreement with the Administration through delegations from defendant in accordance with Section 221 of the Social Security Act, 42 U.S.C. § 421 (1970).

2. This action was voluntarily dismissed by plaintiff on May 1, 1972.

On April 7, 1972, the Bureau sent plaintiff a letter advising her that it had reviewed the evidence relating to her claim and found that she was still disabled. The letter informed her that she would receive a check covering the months of December, 1971, through March, 1972—the period during which her payments had been stopped—and that thereafter she would receive her regular monthly check.

Five days later, however, on April 12, the Bureau's district office claims supervisor telephoned plaintiff and told her that the letter of April 7 was in error insofar as it stated that the Bureau found that she was still disabled. He advised her that the Administration was considering further whether her disability continued, and he further advised her of all the evidence in her file upon which a proposed termination was to be based. He offered plaintiff an opportunity to submit any evidence on the issue of her disability, and plaintiff stated she wished to submit some new medical evidence.

On April 21, 1972, the Bureau sent plaintiff a letter in confirmation of the telephone call, which, in relevant part, states:

"We regret any inconvenience caused you by stopping your disability insurance benefits without giving you proper notice of our action. As you know we have temporarily reinstated these benefits to give you an opportunity to present any information you believe pertinent concerning continuing disability. Our letter of April 7, 1972, was in error since it indicated that we found that you were still disabled. Based on the evidence we have so far, the proposed cessation of disability as of September 1971 is being reconsidered. We understand that you would like to submit additional medical evidence in this regard and had planned to do so after an examination by your physician. We are forwarding your records to our district office in Atlanta so that you may present any additional information or evidence you believe pertinent concerning the question of disability . . . ."

This letter of April 21 does not explain why the finding of disability referred to in the letter of April 7 was erroneous, nor does it specify the nature of the evidence upon which the proposed cessation of disability as of September 1971, was being "reconsidered." [3]

On May 1, 1972, plaintiff's attorney notified the Bureau that, among other things, plaintiff wanted a pre-termination hearing.[4] No hearing was given. During the ensuing months the parties discussed plaintiff's proposed submission of additional evidence on the question of disability, and plaintiff's attorney visited the district office and examined the claims folder. However, nothing new was ever submitted. Finally, on July 11, 1972, the State Agency determined that plaintiff's disability ceased in September 1971, and that she was not entitled to disability insurance benefits after November 1971. On August 5, 1972, the Bureau approved this determination and decided that, on the basis of the record evidence and considering her age, education, training, and work experi-

3. Although the letter of April 21 states that plaintiff's benefits were reinstated only temporarily, it also states that the Bureau was going to again consider a *proposed* cessation of disability as of September 1971. The latter statement suggests that the Bureau's action of April 7 amounted to a full reinstatement of plaintiff to recipient status but that a *new* proposed cessation by the State Agency was going to be considered by the Bureau. It is evident that plaintiff understood that as of May 1, 1972, she was at the pre-termination stage of a new proposed cessation because on that date she requested a *pre*-termination hearing. The affidavit of Bernard Popick, the Director of the Bureau, which was filed by defendant in this case supports this view that the Bureau's action of April 7 amounted to a full reinstatement and that the Bureau's notices of April 12 and April 21 represented notices of a new proposed termination of benefits, and the court will adopt it.

4. See note 3.

ence, plaintiff's disability ceased in September 1971. Notice of this decision was sent to plaintiff on August 9, 1972.[5] The notice summarized the legal requirements of disability and briefly, in lay terms, recited the medical evidence supporting the Bureau's termination action. The notice advised plaintiff of her right to a post-termination hearing and of her right to appeal. Plaintiff requested a hearing on August 21, 1972.

On September 11, 1972, plaintiff instituted the present action and sought temporary relief. On September 13, 1972, this court entered a temporary restraining order preventing defendant from withholding disability insurance benefits from plaintiff until further court order. Defendant has complied with that order, and plaintiff is still receiving her monthly check.

The merits of plaintiff's claim are not before this court. What is before this court is plaintiff's challenge to the constitutional sufficiency of defendant's termination procedures. She attacks the notice procedure on the grounds that (1) the pre-termination written notice of April 21, 1972, did not advise her of the factual and legal basis for the proposed termination of her benefits, (2) the Administration pre-termination notice guidelines fail to state that recipients must be advised of the circumstances under which benefits will continue pending a request for reconsideration, and the pre-termination notice sent to her failed to so advise, and (3) the final notice of August 9, 1972, did not reveal the basis for the Bureau's conclusion that plaintiff's age, education, training, and work experience supported the finding of cessation of disability. She attacks the absence of a pre-termination evidentiary hearing on the principles of

Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), in which the Supreme Court held that a pre-termination evidentiary hearing was required before a welfare recipient's benefits could be terminated.

■ Preliminarily, the court finds that this action cannot be maintained as a class action on behalf of all Social Security disability recipients who may face termination of disability benefits during the pendency of this suit under Rule 23(b)(2), Fed.R.Civ.P., as plaintiff wishes, because the first and third prongs of plaintiff's notice attack represent claims peculiar to her particular case and may not be typical of the claims of the proposed class. As a result, the class action prerequisite set out in Rule 23(a)(3) has not been satisfied in this case.

■ Turning to the substance of plaintiff's notice attack, the court concludes that the second and third grounds asserted by plaintiff are without merit. Plaintiff's second ground is based on an unreported California decision which held that the notice sent to welfare recipients whose benefits are about to be terminated must advise them of their right to have aid continued pending a post-hearing decision. Wheeler v. Montgomery, Civil No. 48303 (N.D.Cal.1971) (three-judge court). The court has been unable to find any regulation granting such a right of continued aid to disability recipients, and the Fifth Amendment cannot require defendant to notify disability recipients of a non-existent right.

■ Plaintiff's third ground goes to the final termination notice of August 9. This notice was not a *pre*-termination notice and plaintiff's reliance in this regard on Goldberg v. Kelly, *supra*, which dealt with the due process standards ap-

---

5. The notice was captioned "Notice of Reconsideration Determination." However, in view of the interpretation of the Bureau's actions adopted by the court, see note 3, the Bureau had not, prior to August 5, made an *initial* decision on the State Agency's proposed cessation action of July 11. The Bureau's action on Au-gust 5 must be considered a termination action. Indeed, Bernard Popick's affidavit refers to it as a termination action. Accordingly, the court will disregard the caption on the notice sent August 9 and treat it as notice of the Bureau's approval of the State Agency's determination and proposed cessation of July 11.

plicable to pre-termination proceedings, is misplaced. In any event the court does not agree with plaintiff that the final termination notice must, under the Fifth Amendment, expound in every case on the non-medical factors supporting a finding of cessation of disability. Non-medical factors may have to be discussed in those cases in which a previously incapacitating physical impairment has become less severe and the Administration has determined that the recipient's age, education, training, or work experience permit him to renew substantial gainful employment. But in plaintiff's case, as probably in other cases, the determination was that the physical impairment had disappeared completely. Under such circumstances the court does not believe that the Fifth Amendment demands that the notice provide details as to the non-medical factors supporting the finding of cessation of disability.

The first prong of plaintiff's notice attack is a closer issue. In Goldberg v. Kelly, *supra*, 397 U.S. at 268, 90 S.Ct. at 1020, the Supreme Court observed that the New York procedure in welfare cases of giving pre-termination notice by a combination of letter and personal conference was "probably the most effective method of communicating with recipients." The Administration's Disability Insurance State Manual provides that pre-termination notice to disability recipients may be *either* by mail or by telephone.

■ The court does not read Goldberg v. Kelly, *supra*, as holding that oral pre-termination notice alone is constitutionally insufficient per se. Full, due process notice can be afforded by telephone, and this court is not prepared to hold that the Fifth Amendment demands that all pre-termination notice be in writing. Accordingly, the court will not enjoin defendant from employing oral pre-termination notice alone nor will it declare that procedure unconstitutional.

■ This is not to say, however, that every oral pre-termination notice will be constitutionally sound. There may be individual situations in which inadequate notice is given—in writing as well as orally—and the matter must be considered a factual question to be decided on a case-by-case basis. In the present case plaintiff does not dispute defendant's assertion that on April 12, 1972, the Bureau's district office claims supervisor orally advised plaintiff of all the evidence in her file upon which the proposed termination of her benefits had been based. Although the confirming letter of April 21, 1972, sent by the Bureau to plaintiff does not recite what the supervisor told plaintiff on the telephone and does not otherwise explain the basis for the proposed termination, the court concludes that the oral notice was complete and constitutionally sufficient in this particular case.

Turning next to the question of a pre-termination evidentiary hearing, the court notes that all the arguments advanced here by defendant to distinguish this case, which involves disability recipients, from Goldberg v. Kelly, *supra*, which involved welfare recipients, as well as the arguments advanced here by defendant concerning the burden a pre-termination hearing requirement would impose on defendant, were fully considered and rejected by Judge Turk in Eldridge v. Weinberger, 361 F.Supp. 520 (W.D.Va. April 9, 1973). The court fully concurs with Judge Turk's excellent opinion and adopts his conclusion that in light of Goldberg v. Kelly, *supra*, defendant must provide disability recipients with a pre-termination oral evidentiary hearing.

■ For the foregoing reasons defendant's procedure and practice of terminating Social Security disability benefits without a prior oral evidentiary hearing is hereby declared unconstitutional in that it denies the recipients of those benefits due process of law, and defendant, his successors, employees, and agents, are hereby permanently enjoined

from terminating plaintiff's disability benefits without allowing her an oral evidentiary hearing prior to any such termination.

It is so ordered.