Caroline **WILLIAMS, Plaintiff-Appellee,**

v.

Caspar W. **WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellant.**

No. 73–3653.

United States Court of Appeals, Fifth Circuit.

May 31, 1974.

---

John W. Stokes, U. S. Atty., Julian M. Longley, Charney K. Berger, Asst. U. S. Attys., Atlanta, Ga., Harlington Wood, Jr., Harland F. Leathers, Kenneth A. Rutherford, Kathryn H. Baldwin, James E. Hair, Attys., Dept. of Justice, Washington, D. C., for defendant-appellant.

Jay E. Loeb, David A. Webster, Michael H. Terry, Atlanta, Ga., for plaintiff-appellee.

Before BELL, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

This appeal is from an order of the district court requiring that appellant provide pre-termination oral evidentiary hearings to disability recipients under § 223 of the Social Security Act, 42 U.S.C.A. § 423 (1970). Williams v. Weinberger, N.D.Ga., 1973, 360 F.Supp. 1349. The order was based on the decision in Eldridge v. Weinberger, W.D., Va., 1973, 361 F.Supp. 520, aff'd 493 F.2d 1230 (4 Cir., 1974) [No. 73–1864, slip op. dated April 1, 1974]. The hearing required there and here was in the nature of that required for old age assistance and welfare beneficiaries under Title I and Title IV, respectively, of the Social Security Act. *See* Goldberg v. Kelly, 1970, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 287; Wheeler v. Montgomery, 1970, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307. See the modification contained in Richardson v. Perales, 1971, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842, as to the admissibility of written medical reports. 402 U.S. at 407.

Like the district court here and the Fourth Circuit, we conclude that the question presented was correctly decided in Eldridge v. Weinberger, *supra*.

Affirmed.