**Christine S. BARKER, Plaintiff,**

v.

**Patricia R. HARRIS, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. C79–447A.**

United States District Court, N. D. Georgia, Atlanta Division.

March 31, 1980.

Donald M. Coleman, Decatur, Ga., for plaintiff.

William L. Harper, U. S. Atty., Curtis E. Anderson, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

ORINDA DALE EVANS, District Judge.

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), of a denial of disability benefits under Title II of the Social Security Act, 42 U.S.C. § 416(i) and 423(d), and under Title XVI of the Social Security Act, 42 U.S.C. § 1381. This case is now before the Court on the Magistrate's Report, which recommends affirmance of the Secretary's decision denying benefits.

Plaintiff-claimant is an unemployed 47-year old domestic worker with a seventh-grade education. She filed her application for social security disability benefits on October 19, 1977, claiming she was disabled due to swelling of right hand, dizziness and vision impairment, kidney problems, and back pains. Plaintiff's application was denied by the Social Security Administration (the "SSA"). Plaintiff then filed a Request for Hearing (R15).[1]

A Notice of Hearing (R13) was apparently sent to Plaintiff by the Social Security Administration on or about May 5, 1978. The Notice designated the date, time and place of Plaintiff's hearing before an Administrative Law Judge. It further contained information concerning the nature of the hearing, the issues to be determined at the hearing, a definition of "disability" under the Social Security Act, and information concerning the conduct of the hearing. On the reverse side of the Notice of Hearing, the following information appeared under the caption "Representation":

1. Reference is to the Record of Proceedings before the Social Security Administration, certified copy of which is contained in the record herein.

While it is not required, you may be represented at the hearing by an attorney or other qualified person of your choice. If you wish attorney representation and cannot afford it, your social security office will provide a list of offices where you may be able to obtain representation. Any fee which your representative wishes to charge must be approved by the Bureau of Hearings and Appeals, and your representative must furnish you with a copy of the fee petition. When you receive your copy of the petition, you will have a period of 20 days to comment, if you wish, regarding the requested fee. Payment of any approved fee is a matter to be settled between you and your representative.

Plaintiff and her daughter appeared at the designated time and place for the hearing. The record indicates that the hearing was opened with a preliminary statement by the Administrative Law Judge as to the definition of disability under the Social Security Act, and the manner in which the hearing would be conducted by the judge. (R18–20) Nothing was said, however, by either the judge or anyone else present as to Plaintiff's entitlement to counsel or her desire to waive same.

According to Plaintiff's counsel herein, free representation is available in the Atlanta area to indigents at Social Security disability hearings.

The witnesses appearing at the hearing were Plaintiff, a vocational expert hired by the Government, and Plaintiff's daughter. Medical reports were received in evidence which indicated that Plaintiff had certain physical and mental problems. Plaintiff testified that she had considerable pain which prevented her from bending and restricted lifting and walking. She testified that this pain was not controlled by medication. The vocational expert essentially testified that if Plaintiff indeed had the pain she said she did, she could not do her customary work, or for that matter any lighter jobs for which she had transferable skills.

In his written decision dated September 27, 1978, the Administrative Law Judge found Plaintiff was not disabled under standards applicable to eligibility for supplemental security income. He found that Plaintiff's impairments were diabetes myelitis, systemic arterial hypertension, possible Raynaud's disease and depression. He found that her pain was not "of sufficient severity or frequency to be disabling"[2] and that she retained the "residual functional capacity" to work as a domestic (R11). This decision was subsequently affirmed as the final decision of the Secretary; Plaintiff then initiated the within action in District Court.

The Magistrate's Report and Recommendation, filed herein on January 15, 1980 recommends affirmance of the Administrative Law Judge's decision, finding that there was substantial evidence to support it. Plaintiff has objected to the Magistrate's Report on two bases. First, she claims that she was inadequately informed of her right to have legal representation at the hearing and of the availability of free legal counsel in the community, which resulted in her lack of representation and caused her to fail to receive a full and fair hearing. Secondly, she claims there was a lack of substantial evidence to support the decision to deny benefits. The Court sustains Plaintiff's position as to the first objection, thereby rendering a decision as to the second objection unnecessary.

It has been held that where a claimant chooses to forego counsel at the disability benefits hearing, he is not thereafter entitled to urge lack of counsel as a ground for reversal of the Administrative Law Judge's decision denying benefits, if the record shows that a full and fair hearing was had and the claimant suffered no clear prejudice because of the lack of an attorney. *Herridge v. Richardson*, 464 F.2d 198 (5th Cir. 1972); *Goodman v. Richardson*, 448

---

**2.** Since Plaintiff's evidence regarding pain was not contradicted, it must be assumed that the Administrative Law Judge did not find her testimony credible. In this regard, it is not clear why or how he determined that she had some pain, but not enough for purposes of disability.

F.2d 388 (5th Cir. 1971). *See also Cross v. Finch,* 427 F.2d 406 (5th Cir. 1970).

█ The Court concludes that it cannot be determined, based on the instant record, that Plaintiff "chose" to forego representation, if that word is used in any meaningful sense. This conclusion is reached by taking into account the absence of clear and adequate information in the Notice of Hearing relative to free representation, the absence of any discussion whatsoever on the record regarding Plaintiff's appearance without counsel, and further taking into account the claimant's likely inability to understand and evaluate the information contained in the Notice.

If Plaintiff in fact read the information contained on the Notice of Hearing concerning "representation", she very likely was left with the misimpression that no free representation was available to an indigent claimant such as herself. Although this section of the Notice does state that the Social Security office will provide a list of possible sources of representation for those who cannot afford representation, the same paragraph goes on to discuss regulation of fee arrangements between attorney and client by the Social Security Administration, thereby leaving the net impression that at best, only some sort of reduced fee arrangement is available. In fact, of course, such is not the case in the Atlanta area. Free legal representation is available to claimants such as Plaintiff who qualify under indigency standards.

Having determined that Plaintiff might have been misled by the information in the Notice of Hearing relative to representation, the Court looks to see what other evidence in the record might enable it to determine that Plaintiff made an informed decision not to obtain counsel for the hearing. None is contained in the transcript of the hearing itself. There was no discussion at the hearing about counsel, free or otherwise. Further, Plaintiff's remarks and testimony at the hearing do not reveal a level of comprehension sufficient to enable the Court to assume that she understood the importance of legal representation, but nonetheless chose to forego the free representation available to her. Therefore, the Court finds that there is a lack of substantial evidence to support a conclusion that Plaintiff chose to forego legal representation.

A second inquiry is whether or not Plaintiff received a full and fair hearing, notwithstanding lack of legal representation. The answer to this question depends upon the definition of "full and fair hearing". The record in this case does not reflect bias or prejudice on the part of the Administrative Law Judge; further, it cannot be said that Plaintiff was not given adequate opportunity to present any evidence she wished to present. However, it does not appear that the Administrative Law Judge made a particular effort to explore and fully develop areas of inquiry of particular importance to Plaintiff's case. For example, no effort was made to ascertain if Plaintiff's subjective claims of pain could be corroborated by independent evidence. Although Plaintiff testified that she was under treatment for a mental illness, and existence of same was corroborated by a psychiatrist's report, no inquiry was made concerning the precise nature of the problem nor its severity.

█ The Court adopts the view of *Allison v. Matthews,* No. C75–2142A (N.D.Ga., March 3, 1977) and *Smith v. Califano,* No. C76–260A (N.D.Ga., May 31, 1977), *see also Rosa v. Weinberger,* 381 F.Supp. 377 (E.D. N.Y.1974), *Saldana v. Weinberger,* 421 F.Supp. 1127 (E.D.Pa.1976), holding that an Administrative Law Judge's basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appears before him. Measured by this standard, the Court finds that Plaintiff did not receive a full and fair hearing and that she was prejudiced by lack of counsel.

On each of the grounds recited, this matter is hereby REVERSED AND REMANDED to the Secretary of Health, Education and Welfare for a further evidentiary hearing.