**Richard C. McCONNELL,**
**Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

**No. 80–7374.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 8, 1981.

Phillip M. Leslie, Mobile, Ala., for plaintiff-appellant.

E. T. Rolison, Jr., Asst. U. S. Atty., Mobile, Ala., for defendant-appellee.

Before HILL, FAY and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Mr. McConnell asks us to review his claim for supplemental security income benefits. All of those who have considered his claim before have denied it. We must endorse the denials if substantial evidence supports them. 42 U.S.C. § 405(g); *see generally Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). McConnell recognizes that our review of his claim is limited; nevertheless, he raises two issues concerning the evidence. First, he claims that there is no substantial evidence supporting the conclusion that he is not disabled, see 42 U.S.C. § 423(d)(1), (2). Second, he claims that the evidence was not fully and fairly developed by the administrative law judge (ALJ) at his hearing. We have considered those issues and have decided to affirm the decision to deny his claim.

I.

To be sure, the evidence indicates that a variety of ailments contribute to McConnell's suffering. Medical reports by five separate physicians, including two physicians who had treated McConnell, were admitted into evidence; additionally, McConnell and his brother testified at the hearing. The record reveals that McConnell is an epileptic, that he is sallow and emaciated and has poor generalized muscle tone, that he has hypertrophia degenerative changes in his spine, a chronic infection in the right side of his head, poor teeth, and an upper respiratory infection. On the other hand, McConnell has not suffered a grand mal seizure in sixteen years, he smokes a pack of cigarettes daily, his muscles have not atrophied and he is not uncoordinated, and he demonstrates normal intellectual ability with a clear mental focus. McConnell's two treating physicians opined that he was disabled. One other physician, however, reported that McConnell was capable of menial, nonhazardous, supervised work; another indicated that there was not enough evidence of organic disease to prevent McConnell from doing anything. The fifth physician expressed no opinion on McConnell's ability to work.

In short, the ALJ was confronted with conflicting medical evidence. It is clear from his decision that he considered all the

evidence.[1] He concluded that McConnell "has the mental and physical ability to perform his former substantial gainful activity or work commensurate therewith" and thus that he "was not under a disability as defined in Section 1614(a)(30)(A) of the Social Security Act, as amended . . . ." Record, Vol. 2, at 17. Some evidence does not support the ALJ's conclusion, but substantial evidence does. That, Congress has mandated, is enough for this court. 42 U.S.C. § 405(g).

## II.

A claimant's statutory right to counsel at a Social Security hearing, see 20 C.F.R. § 404.971, can be waived. We have said that " 'an Administrative Law Judge's basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appears before him.' " Clark v. Schweiker, 652 F.2d 399 at 404 (5th Cir. 1981) (quoting Barker v. Harris, 486 F.Supp. 846, 849 (N.D.Ga.1980)).[2] In Clark we held that the ALJ had not developed a full and fair record. Clark presented no evidence other than her own testimony. She had not been recently examined by a personal physician; in fact, there were no medical witnesses at all at the hearing. Furthermore, the ALJ did not give her the opportunity to question the vocational expert, whose testimony strongly indicated that Clark was able to work.

McConnell too was not represented by counsel at his hearing.[3] Nevertheless, the record of his hearing is significantly different from the record in Clark. Here, there is substantial medical evidence, some of it buttressing McConnell's claim. McConnell had been examined by his personal physician. During the hearing, he was given the opportunity to correct documentary evidence he thought was incorrect. The ALJ elicited testimony concerning McConnell's ailments.

McConnell argues specifically that the ALJ should have questioned him about the effects of the medication he was taking and about the medical conclusions of the physicians. Further, he argues that the ALJ should have asked him for his opinion concerning his vocational capabilities. Undoubtedly, a lawyer would have questioned McConnell differently. But "[t]he social security hearing examiner . . . does not act as counsel. He acts as an examiner charged with developing the facts." Richardson v. Perales, 402 U.S. at 410, 91 S.Ct. at 1432. We do not think that this ALJ was remiss in questioning McConnell in the way he did. We think that the record demonstrates that the ALJ fully and fairly developed the facts relevant to McConnell's claim, and that McConnell was not prejudiced by lack of counsel.

AFFIRMED.

---

**1.** His decision reads in part:
> The Administrative Law Judge has considered the opinions expressed by [McConnell's treating physicians] but finds that these opinions are controverted by evidence [from two of the other physicians] which are [sic] better supported and more persuasive as to the true medical condition of claimant.
> Record, Vol. 2 at 15.

**2.** Significantly, in Clark claimant had not waived her right to representation; arguably, at least, an ALJ should be more conscientious in developing a full and fair record in such a case than in one in which the right to counsel has been waived. McConnell apparently waived his right to counsel at the hearing we are scrutinizing today. See Record, Vol. 2, at 47.

**3.** McConnell's brother acted as "lay representative" during the hearing, although he served more as a witness than as counsel. He testified, but asked very few questions.