Lois COTTONE, Individually and on Behalf of All Others Similarly Situated, Plaintiff,

v.

Barbara B. BLUM as Commissioner of the New York State Department of Social Services and Peter Mullaney as Deputy Counsel for the New York State Department of Social Services and Ronald Hackett as Commissioner of the Cattaraugus County Department of Social Services, Defendants.

No. CIV–82–587E.

United States District Court, W.D. New York.

Sept. 22, 1983.

---

438

Mark H. Wattenberg, Olean, N.Y., for plaintiff.

Patrick O. McCormack, Buffalo, N.Y., for defendants.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff Lois Cottone commenced this action for declaratory and injunctive relief to remedy the alleged failure of the New York State Department of Social Services ("NYSDSS") to provide full and fair hearings to all persons who have challenged or may in the future challenge agency action by requesting and appearing at such hearings without the assistance of counsel. Plaintiff has moved for class action certification pursuant to Fed.R.Civ.P. 23, and both parties have moved for summary judgment.

Plaintiff is 41 years of age and resides in Olean, N.Y. with five of her children: Sar-

ah, age 21; Dominic, age 18; Russell, age 16; Robert, age 13; and Doris, age 12. The record indicates that plaintiff also has another daughter and granddaughter, both of whom do not presently reside with her. Due to various factors not herein relevant, the composition of plaintiff's household changes periodically.

Plaintiff currently receives a grant of public assistance under the federal Aid to Families with Dependent Children ("AFDC") program, provided to her by the Cattaraugus County Department of Social Services ("CCDSS"), which grant formerly included funds for support of Robert and Doris. Prior to March 4, 1982 plaintiff's AFDC monthly grant was $323.

In September of 1981 plaintiff's daughter Sarah reported to the CCDSS that Robert Hermann, the acknowledged father of Robert and Doris, had been living in their household for the past ten years. Thereafter the agency conducted an investigation and concluded that Hermann had been and was in the home on a continuous basis. Under relevant state regulations, Hermann's income was therefore deemed to be available to meet the needs of his two children. Consequently, on October 20, 1981 CCDSS notified plaintiff of its intention to delete Robert and Doris from her public assistance grant.

Plaintiff requested an administrative fair hearing to appeal this determination. On January 25, 1982 plaintiff appeared in Olean before an Administrative Law Judge ("the ALJ") without an attorney or other representative. Based upon the evidence adduced at this hearing, the ALJ recommended that the NYSDSS affirm the CCDSS determination. On March 4, 1982, the then Commissioner at the NYSDSS issued a Decision After Fair Hearing, affirming the agency determination and authorizing reduction of plaintiff's monthly grant by the amount of $89 per month. Plaintiff also receives a monthly food stamp allotment of $249 per month. Based on the fair hearing decision, the CCDSS has sought to

reduce this allotment, but no final action has apparently as yet been taken.

On July 7, 1982 plaintiff commenced this action[1] seeking declaratory and injunctive relief on behalf of herself and all others who challenge agency action by appearing at administrative hearings without the assistance of counsel. Plaintiff alleges that the NYSDSS has not provided full and fair hearings to this purported class of individuals by failing to require the administrative law judges (1) to fully and fairly develop the record or to adequately explore all relevant facts when a claimant is not represented by counsel and (2) to delineate the key factual issues involved during the hearing and the evidence necessary to resolve those issues. Specifically, plaintiff assails NYSDSS's failure to require its ALJs to (1) explain the sequence of questioning, (2) explain who has the burden of proof, (3) explain the key factual issues to be resolved, (4) explain the evidence needed to meet or counter the burden of proof and resolve the factual issues, (5) affirmatively seek the appearance of material witnesses and the production of material documents and (6) advise claimants of their right to cross-examine adverse witnesses. Plaintiff claims that, due to these omissions by the ALJ during the hearings, defendants have violated the due process clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 602, 45 C.F.R. §§ 205.10(a)(1)(i) and 205.10(a)(13) and 42 U.S.C. § 1983. She further alleges that the defendants have violated section 7803(4) of New York's Civil Practice Law and Rules ("CPLR"), inasmuch as the Commissioner's decision to reduce the public assistance benefits was not based upon substantial evidence.

On August 31, 1982 plaintiff moved for a preliminary injunction seeking to compel defendants to restore the reduced public assistance benefits to the former level and to restrain defendants from terminating her food stamp allotment. By Memorandum and Order, dated May 6, 1983 and filed

1. Plaintiff apparently did not commence a proceeding in the state courts pursuant to Article 78 of New York's Civil Practice Laws and Rules.

May 9, 1983, I concluded that plaintiff was not entitled to injunctive relief because she had failed to demonstrate the existence of any irreparable harm.[2]

Plaintiff failed to move for class action certification within sixty days of the filing of the Complaint, as required by rule 8(c) of the Local Rules of Practice of this Court. She therefore moved on September 28, 1982 for leave to make such application belatedly. Defendants have responded by opposing the motion for class action certification and by moving for summary judgment. Plaintiff's cross-motion for summary judgment was filed on January 24, 1983.

## I. *Class Action Certification*

Plaintiff purports to certify this action as a class action on behalf of "all persons who have requested or may in the future request an administrative 'fair hearing' from the NYSDSS to review a determination of a local agency and appear at such hearing without the assistance of counsel." Complaint, ¶ 7. Plaintiff claims that her case meets the statutory prerequisites of class action certification under Fed.R.Civ.P. rule 23(a) inasmuch as (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law or fact, (3) her claims and defenses are typical of those of the entire class and (4) she can fairly and adequately protect the interests of the class. She also claims that class certification is appropriate under Fed.R.Civ.P. rule 23(b)(2) in that the defendants have "acted or refused to act on grounds generally applicable to the class" in that they have failed to issue regulations holding the ALJs to a higher standard of care to ensure that claimants appearing without the assistance of counsel receive all procedural due process rights. Memorandum in Support of Plaintiff's Motion for Class Certification at 5.

The Local Rules of Practice in this Court, rule 8(c), requires that a party asserting a claim for class relief move within sixty days of filing of the Complaint for a determination under Fed.R.Civ.P. rule 23(c)(1) as to whether the action is to be maintained as a class action and, if so, the membership of the class. The Complaint herein was filed by plaintiff July 7, 1982. Plaintiff was granted permission to proceed in forma pauperis in an Order filed July 21st. Pursuant to Local Rule 8(d), plaintiff was required to file a motion for class action certification by September 6th. Plaintiff's motion was not filed until September 28th, and apparently was filed only after plaintiff's counsel was advised of its absence by the Court at oral argument on September 20th.

Plaintiff's attorney apparently served his first set of interrogatories on the defendants August 31st in an effort to gain further information concerning the potential size of the proposed class. Plaintiff also requested information concerning the existence of any written directives on the duties of NYSDSS ALJs for unrepresented claimants. Plaintiff's attorney avers that he did not move for class action certification within the sixty-day period because he had mistakenly assumed that such motion would not have to be filed until after September 30th, the date upon which the answers to the interrogatories were due. *See* Affidavit of Mark H. Wattenberg, ¶¶ 13–18 (filed September 28, 1982).

This Court is unaware of any rule which provides for the moving for class action certification only after interrogatories or other discovery requests have been complied with. Fed.R.Civ.P. rule 23(c)(1) provides that "[a]s soon as possible after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained". The purpose of this provision is to give clear

---

**2.** Plaintiff could have prevented the alleged harm herself with respect to the reduction of benefits by accepting NYSDSS's offer to restore full benefits pending the disposition of a *de novo* agency hearing and by filing a new action for relief if she felt the benefits were again improperly withheld. Moreover, a preliminary enjoinder of the reduction or termination of her food stamp allotment would have been premature, for the reason that defendants have not yet rendered a final decision on that issue.

definition as to the action as soon as practicable. *See* Fed.R.Civ.P. rule 23(c)(1) Advisory Committee Notes. Toward this end , Local Rule 8(c), with its sixty-day provision, was promulgated. Had plaintiff needed additional time to obtain information concerning the class constituency, plaintiff could have timely filed the motion for class action certification and merely requested postponement of the determination pending discovery, as also provided for in Local Rule 8(c).

■ Aside from plaintiff's failure to comply with Local Rule 8(c) and to show a sufficient reason therefor, I find that this action cannot be maintained as a class action. Plaintiff has not demonstrated the existence of common questions of law or fact or that her claims and defenses are typical of those of the class, as required by Fed.R.Civ.P. rule 23(a)(2) and (3). NYSDSS conducts a large number of hearings involving a variety of issues and claims. The majority of these hearings concern public assistance denials, discontinuances, reductions or adequacy of aid to dependent children, home relief, food stamps, and medical assistance and services. However, NYSDSS also conducts other hearings involving issues such as medical assistance fraud and abuse, enforcement proceedings against residential facilities, deletion of names from the child abuse central registry, removal of foster children from foster care and determinations to terminate the operations of day care centers. Because the hearings involve different issues, the procedures and resolutions depend upon the individual facts and circumstances. Moreover, plaintiff's claims and defenses are not typical, because her limited education, mental health problems and general confusion at the hearing may have necessitated a different procedure than that normally followed by ALJs when claimants are not represented by counsel.

Finally, plaintiff has not adequately demonstrated that the defendants have refused to act on grounds generally applicable to the class as a whole, as required by Fed.R. Civ.P. rule 23(b)(2). Plaintiff directs the Court's attention to five cases in which the claimants appeared without counsel. *See: Affidavit in Support of Class Certification; Memorandum in Support of Plaintiff's Motion for Summary Judgment at 23–25. However, the mere facts that all the claimants in these cases appeared at their respective hearings *pro se* and that the agency decisions were reversed after these claimants had obtained counsel and had commenced Article 78 proceedings does not, without more, indicate that the procedures used at all *pro se* hearings are procedurally and constitutionally deficient. Consequently, this case is not suited to class action certification under Fed.R.Civ.P. rule 23. *See Williams v. Weinberger,* 360 F.Supp. 1349, 1352 (N.D.Ga.1973), *aff'd,* 494 F.2d 1191 (5th Cir.1974). I will therefore proceed to consider the merits of plaintiff's individual claims.

II. *Summary Judgment Motions*

■ In cases where both parties have moved for summary judgment, neither motion may be granted unless one party is entitled to it as a matter of law upon genuinely undisputed facts. *Rhoads v. McFerran,* 517 F.2d 66, 67 (2d Cir.1975). Therefore, the fact that both sides have moved for summary judgment does not make it more readily available, *Home Insurance Company v. Aetna Casualty and Surety Company,* 528 F.2d 1388, 1390 (2d Cir.1976), and does not mean that the court must grant judgment as a matter of law for one side or the other. *Schwabenbauer v. Board of Education of the City School District of the City of Olean,* 667 F.2d 305, 313 (2d Cir.1981). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* at 314.

Plaintiff claims that the January 25, 1982 hearing violated the Fourteenth Amendment's due process clause, 42 U.S.C. § 602, 45 C.F.R. §§ 205.10(a)(1)(ii) and 205.-10(a)(13), and 42 U.S.C. § 1983. She requests this Court to order the defendants to issue written directives and adopt other

procedures to ensure that its ALJs fully and fairly develop the record and sufficiently explore all relevant facts when the claimant is unrepresented. Specifically and as earlier noted, plaintiff avers that because she appeared *pro se* the ALJ should have (1) advised her of the right of cross-examination when the agency witnesses completed testifying, (2) explained the sequence of questioning and prevent her from being cross-examined before being permitted to give direct testimony, (3) asked her for comments on the agency documents submitted into evidence, (4) informed her of the key factual issue to be resolved, (5) inquired about any evidence which she might be able to present in order to support her contentions and (6) examined the agency on the validity of the hearsay testimony. Plaintiff claims that these "serious lapses" effectively deprived her of a meaningful opportunity to be heard, as well as a full and complete development of the record, thereby entitling her to a new fair hearing as a matter of law. Memorandum in Support of Plaintiff's Motion for Summary Judgment at 14–15, 20.

In support of their motion for summary judgment, the defendants claim that the administrative hearing afforded to plaintiff satisfied all federal and state constitutional, statutory and regulatory requirements and that plaintiff was not deprived of any constitutionally protected rights to procedural due process under *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Affidavit in Support of Defendants' Motion for Summary Judgment at 7. Specifically, defendants assert that plaintiff was given: (1) sufficient prior written notice of intent to reduce benefits, with an explanation for the proposed agency action; (2) a notice of hearing informing her of the issues to be resolved, the manner in which the hearing was to be conducted and her rights during the hearing; (3) an adequate opportunity to be heard and to present witnesses and other evidence on her behalf, as well as to question witnesses for the other side; (4) a full and fair hearing, with all relevant facts developed by the ALJ; and (5) a written explanation of the reasons for the final decision. Affidavit at 3–5. They further claim that plaintiff has repeatedly rejected their offer to provide her with a *de novo* hearing on the reduction of her public assistance benefits and the issue of Hermann's presence in the household, with or without the assistance of counsel, in order to rectify any defect which may have occurred at the hearing. Affidavit at 6. Finally, the defendants assert that plaintiff is not constitutionally entitled to the procedural due process rights which she enumerates in her pleadings. Affidavit at 8. For the reasons that follow, I find that the defendants have met their burden of establishing that summary disposition of the case in their favor is appropriate under these circumstances.

*Goldberg v. Kelly, supra,* holds that social services agencies must provide welfare recipients with the opportunity for a hearing affording basic due process rights before terminating public assistance benefits. The Court determined that the due process right to a fair hearing involved timely and adequate notice to the recipient detailing the reasons for the proposed termination, as well as an opportunity to defend by presenting evidence and confronting any adverse witnesses. *Id.* at 267–268, 90 S.Ct. at 1020–1021.

At the same time, however, the Court recognized the importance of not imposing upon the government "any procedural requirements beyond those demanded by rudimentary due process," and that various considerations justified "the limitation of the pre-termination hearing to minimum procedural safeguards, adapted to the particular characteristics of welfare recipients, and to the limited nature of the controversies to be resolved." *Id.* at 267, 90 S.Ct. at 1020. The Court reasoned that the only function of the pre-termination hearing is "to produce an initial determination of the validity of the welfare department's grounds for discontinuance of payments in order to protect a recipient against an erroneous termination of his benefits." *Ibid.* Consequently, the hearing need not take the form of a judicial or quasi-judicial trial, *Goldberg v.*

*Kelly, supra,* at 266, 90 S.Ct. at 1020, with the full panoply of a trial-type hearing. *Kelly v. Wyman,* 294 F.Supp. 893, 905 (S.D.N.Y.1968) (three-judge panel), *aff'd sub nom. Goldberg v. Kelly, supra.* The direct evidence may be presented in an informal manner, with no "particular order of proof or mode of offering evidence." 397 U.S. at 269, 90 S.Ct. at 1021. Moreover, the cross-examination may also be conducted informally, as long as the recipient has the opportunity to confront and interrogate those providing harmful information. *Kelly v. Wyman, supra,* at 905.

■ I find that the hearing conducted in this case fully comported with the minimum due process requirements set forth in *Goldberg v. Kelly.* Plaintiff was sent a Notice of Intent to Reduce Public Assistance, which informed her of her right to request a fair hearing, to be represented by an attorney, to present evidence to demonstrate why assistance should not be reduced, and to question adverse witnesses. Plaintiff was later sent a Notice of Hearing pursuant to 18 N.Y.C.R.R. § 358.11,[3] which informed her of the issues to be investigated at the hearing, the manner in which the hearing was to be conducted, and the right of each party to be represented, testify, produce witnesses, present evidence, and examine opposing witnesses. At the commencement of the hearing, the ALJ stated the issue to be determined, explained how the hearing would be conducted, explained that each side would have the opportunity to question adverse witnesses, and ensured that plaintiff had all the documents which were to be admitted into evidence. During the hearing, Margery Scott, the Senior Caseworker of the Legal Division, presented her case for terminating plaintiff's benefits for support of her two youngest children. Three witnesses then testified on behalf of plaintiff, alleging that Robert Hermann did not reside in plaintiff's household.

■ The record therefore indicates that plaintiff has had ample opportunity to be heard orally, to present witnesses and evidence, and to confront the witnesses for the other side. These informal procedures for such hearings are adequate under the standards enunciated in *Goldberg v. Kelly, supra.* The record reveals that a full and fair hearing was held, that there was no bias or prejudice by the ALJ, that plaintiff understood the issue to be resolved at the hearing, and suffered no prejudice because she was not represented by an attorney. *See Barker v. Harris,* 486 F.Supp. 846, 849 (N.D. Ga.1980). Due process does not require that a claimant be advised of the right to cross-examination when the agency witnesses have finished testifying, or that there be a specific sequence of questioning, or that the claimant be asked to comment on the agency documents submitted into the record. Rather, due process requires only that the claimant be afforded "timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Goldberg v. Kelly, supra,* 397 U.S. at 267–268, 90 S.Ct. at 1020. The hearing provided to plaintiff has clearly satisfied these minimum due process requirements.

---

**3.** 18 N.Y.C.R.R. § 358.11 provides:

"Notice of hearing. At least six working days prior to the date of the hearing, written notice thereof shall be sent to the parties and their representatives. The notice of the parties shall inform them:

(a) of the date and place of the hearing and the appellant's right to a change in the date and place of the hearing where necessary;

(b) of the appellant's rights with respect to transportation and other costs and expenditures;

(c) of the circumstances under which assistance may continue until the fair hearing decision is issued where the recipient requests an adjournment or fails to appear for his hearing;

(d) of the manner in and means by which adjournments may be requested and granted;

(e) of the issues which are to be the subject of the hearing;

(f) of the manner in which the hearing will be conducted;

(g) of the right of each party to be represented, to testify, to produce witnesses, to present documentary evidence and to examine opposing witnesses and evidence."

I conclude only that this particular hearing afforded to plaintiff did not violate Fourteenth Amendment rights to due process. Plaintiff did not seek state review of the ALJ's decision under the provisions of Article 78 of the CPLR and I therefore do not reach the issue of whether that decision is supported by the weight of the evidence adduced at the hearing. *See* CPLR § 7803(4). Plaintiff contends that an Article 78 proceeding should not serve as a substitute for full and fair procedures which comport with due process in the first instance. *See Escalera v. New York City Housing Authority,* 425 F.2d 853, 866 (2d Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970); Memorandum in Support of Plaintiff's Motion for Summary Judgment at 26. However, I find that the procedures utilized in this case, unlike those in *Escalera,* were not deficient in any aspect, and did not violate plaintiff's rights to due process.[4]

Accordingly, I conclude that there are no material factual issues genuinely in dispute and that the defendants in this action are entitled to summary judgment in their favor as a matter of law. Defendants' motion for summary judgment is therefore hereby ORDERED granted, and plaintiff's motions for class action certification and for summary judgment are hereby ORDERED denied.

---

[4]. Moreover, as I noted in my decision dated May 6, 1983, plaintiff could have easily cured any deficiency which she perceived at the hearing had she accepted NYSDSS's offer to provide her with a *de novo* hearing on the exclusion of her two youngest children from her public assistance grant in return for plaintiff's discontinuing the instant action in this court.

Such an arrangement would not have prejudiced plaintiff, inasmuch as she could then have again challenged the alleged improper procedures by commencing either another action in this Court or an Article 78 proceeding in the state courts if she believed that the benefits had again been wrongfully terminated.