785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ETTA FAYE WEISSMILLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-3480
 United States Court of Appeals, Sixth Circuit.
 1/2/86
 
 Before: ENGEL, KENNEDY, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, Etta Faye Weissmiller, appeals from a summary judgment entered by the United States District Court for the Northern District of Ohio, which affirmed the Secretary of Health and Human Services' denial of appellant's application for Supplemental Security Income (SSI) payments. She contends both that the Administrative Law Judge (ALJ) failed to adequately assure that the record was properly developed, and that the Secretary's decision to deny benefits was not supported by substantial evidence. We affirm.
 
 
 2
 Appellant originally applied for SSI payments in April 1979. She alleged a disability due to numbness of her right shoulder, weakness of her right arm, and partial paralysis of her left leg. Upon rejection of her application, she appealed to an ALJ, who granted her benefits for only a limited period of time. The Appeals Council affirmed the relief as granted, and appellant took no further action in the matter.
 
 
 3
 Subsequently, appellant filed another application for SSI benefits on February 20, 1981. She alleged a disability due to diabetes, pain in her left leg and foot, and difficulty gripping with her right hand. Her application was denied, the ALJ affirmed denial, and the Appeals Council declined to review. Appellant filed suit in United States District Court and, upon order of the magistrate, filed a motion for summary judgment. The District Court denied her motion, and entered summary judgment in favor of the Secretary.
 
 
 4
 Appellant's ailments can be traced, in part, to three separate events. In 1968, she was involved in an automobile accident that allegedly paralyzed her right side and her lower left leg. Although appellant currently suffers no paralysis, she attributes her present problems with her right hand and left knee to this accident. In 1969, appellant tripped and injured her right ankle. In 1979, she tripped and injured her left foot. Appellant has a ninth grade education and work experience as a factory laborer and bartender. She last worked (as a bartender) in 1977.
 
 
 5
 In order to be entitled to SSI benefits, a claimant must show that she is disabled. Under the Social Security Act, disability is defined as 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.' 42 U.S.C. Sec. 423(d)(1)(A). Disability is determined by application of a five-part test. See 20 C.F.R. Sec. 416.920. Appellant's claim was rejected by the ALJ at the second step; i.e., the ALJ found that appellant does not have a severe impairment that significantly limits her ability to perform work-related functions.
 
 
 6
 An impairment qualifies as non-severe only if, regardless of a claimant's age, education or work experience, the impairment would have such a minimal effect that it would not be expected to interfere with the claimant's ability to work. See Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 691 (6th Cir. 1985). The Secretary's regulations delineate the types of activities that a severely impaired individual is not able to perform.
 
 
 7
 Sec. 416.921 What we mean by an impairment(s) that is not severe.
 
 
 8
 (a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
 
 
 9
 (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
 
 
 10
 (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
 
 
 11
 (2) Capacities for seeing, hearing, and speaking;
 
 
 12
 (3) Understanding, carrying out, and remembering simple instructions;
 
 
 13
 (4) Use of judgment;
 
 
 14
 (5) Responding appropriately to supervision, co-workers and usual work situations; and
 
 
 15
 (6) Dealing with changes in a routine work setting.
 
 
 16
 20 C.F.R. Sec. 416.921.
 
 
 17
 Substantial Evidence to Support the Secretary's Findings
 
 
 18
 The standard of review in this case is whether the Secretary's findings are supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence consists of such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 19
 We find that the ALJ's decision that appellant did not have a severe impairment is supported by substantial evidence. According to the report of Dr. Franklin Krause (Tr. 190), appellant has full range of motion in her right ankle and left foot, can walk adequately without ambulatory aids when wearing shoes, fair grip in her right hand (e.g., she can carry her purse), and is capable of fine manipulation. The report of Dr. W. J. Bray (Tr. 134) states that appellant's diabetes can be controlled with the proper diet; that during an eight hour work day, appellant would be able to sit for between four and five hours, stand for between two and four hours, and walk for between one and two hours; that she is capable of frequently lifting and carrying up to ten pounds and occasionally up to twenty pounds; and that she can do simple grasping with her right hand. Dr. Richard Zerensky further suggested that appellant buy different shoes to help relieve the pressure on her left foot. Finally, the ALJ found, and the District Court agreed, that appellant's subjective complaints of pain were not credible in light of the objective medical evidence. Appellant does not directly challenge this latter finding.
 
 
 20
 The ALJ properly relied on the medical reports from these doctors. The report of Dr. Krause in particular supports the ALJ's conclusion that appellant's alleged impairments were not medically determinable.
 
 Development of the Record
 
 21
 Appellant alleges that the ALJ did not fulfill his duty to fully develop the record in this case, especially in light of the fact that appellant was not represented by counsel at the ALJ hearing. Appellant is correct in stating that when an unrepresented claimant unfamiliar with hearing procedures appears before an ALJ, that judge's 'basic obligation to develop a full and fair record rises to a special duty.' Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1051 (6th Cir. 1983) (quoting McConnell v. Schweiker, 655 F.2d 604, 606 (5th Cir. 1981)). The determination whether the ALJ has fulfilled that obligation, however, must be made on a case by case basis. Lashley, 708 F.2d at 1052.
 
 
 22
 Section 405(g) provides that the district court may at any time order additional evidence to be taken before the Secretary, 'but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ..' 42 U.S.C. Sec. 405(g). We have held that in exercising such a power, the court must determine 'whether more evidence is required to develop the facts necessary to enable the Secretary to make a determination on the issue in question.' Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980). If the evidence is merely cumulative or if consideration of the new evidence 'would not result in a reasonable chance that the Secretary would reach a different conclusion,' good cause justifying a remand is not present. Carroll, supra, at 1162.
 
 
 23
 Appellant only points to one possible source of evidence not considered at the ALJ hearing. At the hearing, appellant mentioned being examined by a Dr. David Connard as recently as 1981. The ALJ took note of the absence of Dr. Connard's reports in the record, and fave appellant an extra thirty days to seek out the doctor and get a copy of his notes for consideration by the ALJ. Appellant alleges that the ALJ knew appellant could not afford to obtain a report from Dr. Connard, and, hence, that evidence was never considered.
 
 
 24
 Appellant mischaracterizes the ALJ's actions and intentions. The record reflects his desire to arrange for the submission of Dr. Connard's notes without burdening appellant. The ALJ left the matter in appellant's hands only because he thought it would be easier for appellant, because she knew the doctor and could directly consent to the submission of the notes. The ALJ emphasized that he was not demanding a written report from the doctor; he merely wanted a copy of the doctor's notes. He gave appellant a pre-addressed stamped envelope for that purpose and told appellant to seek the ALJ's help if her efforts were unsuccessful.
 
 
 25
 The ALJ never received any materials from Dr. Connard. It is unclear why, and appellant's brief offers no account of appellant's efforts to obtain the notes. Thus, the ALJ cannot be accused of failing to develop the record. Furthermore, appellant has not indicated what those notes reveal. Not only is it impossible for us to hold that they are important enough to justify remand; remand would be a hollow gesture without some assurance that the notes are now available.
 
 
 26
 Appellant also claims that the record was inadequately developed in two other ways. First, she points to the ALJ's failure to address inconsistencies between the findings of Dr. Bray and Dr. Krause. Appellant does not identify any material inconsistencies, however.
 
 
 27
 The other alleged inadequacy in the record apparently stems from a report by Dr. R. E. Donnell, who examined appellant in December 1979. His report, which appellant mistakenly attributes to Dr. T. A. Bunkley, was considered by the ALJ. Thus, appellant's argument is merely a repetition of the 'substantial evidence' challenge addressed above. Furthermore, according to Dr. Donnell's report, physical therapy may be able to assist appellant in walking without a crutch. Finally, some of the conditions discussed in the report (e.g., head and rib injuries) are not pertinent to appellant's alleged disability.
 
 
 28
 Accordingly, we affirm the Secretary's denial of benefits.